[Civ. No. 1921. First Appellate District.—October 25, 1916.]

CHARLES J. PEASE, Respondent, v. J. F. FITZGERALD, Appellant; CALIFORNIA MAIL ORDER HOUSE, T. W. WITHOFT, Trustee, etc., Respondent.

ASSIGNMENT OF PLEDGED COMMERCIAL PAPER—RIGHTS OF ASSIGNEE.—A pledgee of commercial paper may assign and deliver the same, and, in the event of such transfer, the assignee holds it in the same capacity as the original pledgee, and may bring suit to collect the collateral note when due.

ID.—ACTION BY ASSIGNEE—FRAUD IN PROCUREMENT OF NOTE—DEFENSE WHEN NOT AVAILABLE.—In an action brought by the assignee of a pledged promissory note to recover the amount alleged to be due thereon, the maker cannot set up as a defense to the action that the note, which was given as the purchase price of certain corporate stock for which he subscribed, was procured through the false and fraudulent representations of the agent who acted for the corporation, where such defendant at the time of making his subscription, signed a memorandum attached thereto to the effect that his subscription was based upon the printed literature and printed statements of the corporation, and that no representations made by its agents not in accordance therewith should be binding upon the corporation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Brittan & Raish, and W. E. Davies, for Appellant.

Robert R. Moody, and Edwin L. Forster, for Respondent Pease.

Franklin T. Poore, for Respondent Withoft.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action brought to recover the sum of one thousand dollars and interest alleged to be due upon the promissory note of the defendant, J. F. Fitzgerald, and from an order denying said defendant's motion for a new trial.

The facts out of which the action arose were these: On the eighth day of February, 1912, the defendant, J. F. Fitzgerald, executed and delivered to the California Mail Order House, a corporation, a promissory note for the sum of one thousand dollars as the purchase price of one thousand shares of its capital stock for which he subscribed on that day. The transaction was conducted on behalf of the corporation by one Hugh Wyncoop, as its agent, who is alleged by the said defendant Fitzgerald to have made to him certain false and fraudulent representations as to the assets and solvency of the corporation. The said defendant, however, at the time of making his said subscription, signed a memorandum attached thereto to the effect that his subscription was based upon the printed literature and printed statements of the corporation, and that no representations made by its agents not in accordance therewith should be binding upon the corporation. On April 20, 1912, the California Mail Order House executed and delivered to the American National Bank of San Francisco its promissory note for the sum of two thousand five hundred dollars, and at the same time assigned and delivered to the said bank as security for the same the promissory note of the defendant Fitzgerald. On April 30, 1912, the California Mail Order House paid to the bank $1,435.82 on account of its note but no further sum, and on May 11, 1912, the bank indorsed and delivered to the plaintiff and respondent in this action the Fitzgerald note. On May 24, 1912, the California Mail Order House was adjudged a bankrupt, and one T. W. Withoft was appointed trustee. On October 30, 1912, the present suit was brought.

In his answer the defendant Fitzgerald set forth several defenses, chiefly relying, however, both in his pleading and at the trial, upon the defense that the note had been procured through the false and fraudulent representations made by said Wyncoop at the time of his stock subscription, upon the discovery of which he had taken steps to rescind the transaction. Upon the trial he was permitted to testify fully as to these matters. The court gave judgment in plaintiff's favor,

and from such judgment and the order denying a new trial the defendant Fitzgerald prosecutes this appeal.

The first point urged by the appellant is that the assignment and transfer of his promissory note by its pledgee, American National Bank, to the plaintiff, was illegal and void for the alleged reason that a pledgee of commercial paper has no right to sell the same, but must collect the amount due thereon at maturity, and apply the proceeds to the payment of the principal debt.

Whatever may be the rule in other jurisdictions from which the appellant draws for authority supporting his contention, the rule is well settled in this state that a pledgee of commercial paper may assign and deliver the same, and in the event of such transfer the assignee holds the same in the same capacity as the original pledgee, and may bring suit to collect the collateral note when due. (*Cushing* v. *Building Assn.*, 165 Cal. 731, [134 Pac. 324] ; *Brittain* v. *Oakland Bank of Savings*, 124 Cal. 282, [71 Am. St. Rep. 58, 57 Pac. 84] ; *Williams* v. *Ashe*, 111 Cal. 180, [43 Pac. 595] ; *Dewey* v. *Bowman*, 8 Cal. 145.)

The appellant in his closing brief herein practically admits that this is the settled rule in this state, but urges that in the event of such transfer the assignee takes the note subject to all of the defenses which the maker might have urged against the original payee. It is not necessary, however, to discuss or decide this point, for the record discloses that the appellant was permitted upon the trial of the cause to fully present his defenses to the note, and that the court found that neither of the two chief defenses to the payment of the obligation was sufficiently made out. We think the evidence sufficiently sustains the finding of the court in that regard. The defendant was not entitled to rely on the oral statements of the agent Wyncoop in the face of his own express written agreement that only the printed statements of the corporation were to be regarded in making subscriptions to its stock.

The effort of the appellant to rescind his agreement after his discovery that Wyncoop's statements were false was clearly not sufficiently carried into effect to work a rescission of his agreement or furnish a defense to the payment of his note.

We discover no error in the record before us.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 21, 1916.