[Civ. No. 1868. First Appellate District.—March 19, 1917.]

## MRS. E. J. TOCKSTEIN, Respondent, v. PACIFIC KISSEL KAR BRANCH (a Corporation), Appellant.

SALE—WRITTEN CONTRACT—MERGER OF ORAL NEGOTIATIONS.—A person buying or agreeing to buy personal property, the terms of which purchase or agreement to purchase are put in writing, is bound as to the terms of the contract by such writing, into which all preliminary understandings and assurances are presumed to be merged, and such person cannot go behind such writing to avoid the agreement of purchase for the alleged breach of some oral understanding or guaranty not contained within its written terms.

Id.—Contract Procured by Fraud—Rule Inapplicable.—The application of the principle that all preliminary oral negotiations are presumably merged in a written contract for the sale of personal property does not operate to prevent a person from avoiding a contract for fraudulent representations which operate as the inducement for entering into it, and upon which the party injured or misled was entitled to rely.

Id.—Contract for Purchase of Automobile — Rescission—Fraud—Effect of Written Recitals.—The purchaser of an automobile under a written contract which provides that the vendor is not to be bound by any agreements not specified therein, cannot rescind the contract and recover the payments made, on the ground that the sales agent of the vendor misrepresented the character of the machine.

Id.—Written Agreement—Recitals—Effect of.—A person signing a written agreement which contains upon its face the statement that only the written representations, agreements, and guaranties contained within its terms shall be binding upon the other party to it, cannot rely upon any oral statements made by the agent or representative of such party prior to or at the time of the execution of the written agreement.

Id.—Agency—Knowledge of Authority—Effect of.—Where a party freely contracts with an agent knowing the limit of the agent's authority, he may not be heard thereafter to assert that he was misled into believing that the agent had greater authority.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

J. A. Marsh, and A. F. Lemberger, for Appellant.

Daniel O'Connell, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in plaintiff's favor in an action brought by her to recover the sum of $412.06 as the aggregate of sums of money alleged to have been paid by her on account of the purchase price of a certain automobile from the defendant, and for repairs thereon, which machine is alleged to have proven defective, and in that respect to have violated the terms of certain alleged guaranties given by the defendant to plaintiff at the time of and which constituted the basis of the purchase by her of said automobile; and also to recover the sum of $420,

damages alleged to have been sustained by the plaintiff through her attempted use of such defective machine.

The complaint is in two counts setting forth separately the foregoing items of the plaintiff's alleged loss and damage. Defendant's answer denies the averments of both counts of the complaint in so far as they involve the breach of any agreement or guaranty on the part of the defendant, or of the Ford Motor Company, its principal, in the sale of the machine. The case was tried before a jury, which rendered a verdict in plaintiff's favor for the sum of $619, and from the judgment entered thereon for said sum and costs the defendant prosecutes this appeal.

There is little if any dispute between the parties as to the material facts upon which the determination of this appeal must depend. The plaintiff, being desirous of purchasing an automobile for use in the jitney bus service, went to the defendant as the local agent of the Ford Motor Company of Detroit, to procure said car. According to the plaintiff's testimony—which may be taken as true for the purposes of this appeal—she met there a salesman of the defendant to whom she stated that she wanted to buy a Ford car upon installments, and would like to see the car. The salesman informed her that they had not a car in stock to show her at that time, but that all of the Ford cars were sold with a guaranty. He also stated, according to her testimony, that the car would be a new and perfect car, and would be delivered in good shape and would be satisfactory in every way. She thereupon paid the sum of $50 on account of the purchase price of the car, and at that time there was made out and presented to her, and she signed, a writing denominated upon its face "Sales Contract," and being in the customary form of a leasing or conditional sales agreement, containing a general description of the car, with a statement of the terms of its proposed purchase and times and amounts of deferred payments. This written agreement contained in black type next above the space of its signature the following words: "It is understood that the Pacific Kissel Kar Branch will not be bound by any understandings, agreements or representations, express or implied, not specified herein or covered by our retail sales guaranty duly executed." The plaintiff admits signing this paper, and also admits that a little later and before receiving the car she saw and read and signed another

agreement in which the terms of her purchase of the car were more fully set forth, and in which also the express terms of the guaranty of the defendant and of the Ford Motor Company, the manufacturer of the car, were set forth in detail; and in which it was also stated that "The above comprises in full the entire agreement covering or pertaining to this sale, and no agreement of any kind, verbal understandings or terms whatsoever will be recognized than as embodied and specified herein." The plaintiff read and signed said agreement, and also received a duplicate copy of it, and thereupon received delivery of the car. It was a new car, and was selected, arbitrarily, out of a number of similar cars apparently of the same quality. During the fourteen weeks which followed, the plaintiff used the car in the jitney service, and in motoring generally, driving it in all about four thousand miles. From time to time it was in the shop of the defendant for repairs, and at one time was sent to the Ford Motor Company for the remedy of some unspecified defect. The plaintiff paid for a time her installments upon the purchase price of the car, and also paid on account of said repairs the sum of $173.60, but finally failed, or refused, to keep up her payments, in consequence of which the defendant retook possession of the car, and undertook to cancel the agreement for its purchase for noncompliance with its terms. Thereupon the plaintiff commenced this action.

We are unable to distinguish this case in principle from other cases recently before the supreme court and this court in which the doctrine is repeatedly restated that a person buying or agreeing to buy personal property, the terms of which purchase or agreement to purchase are put in writing, is bound as to the terms of the contract by such writing, into which all preliminary understandings and assurances are presumed to be merged, and that such person cannot go behind such writing to avoid the agreement of purchase for the alleged breach of some oral understanding or guaranty not contained within its written terms. This is but a restatement of the substance of section 1625 of the Civil Code as interpreted and applied in the following cases: *Kullman, Salz & Co.* v. *Sugar Apparatus Mfg. Co.,* 153 Cal. 725, [96 Pac. 369]; *Germain Fruit Co.* v. *Armsby Co.,* 153 Cal. 585, [96 Pac. 319]; *Gardiner* v. *McDonogh,* 147 Cal. 313, [81 Pac.

964] ; *Dollar* v. *International Banking Corp.,* 13 Cal. App. 331, [109 Pac. 499].

The application of this principle does not of course operate to prevent a person from avoiding a contract for fraudulent misrepresentations which operate as the inducement for entering into it, and upon which the party injured or misled thereby was entitled to rely; and it is upon that theory that the plaintiff has depended to sustain this action and the judgment rendered therein.  She asserts that the inducing cause for her agreement to purchase the car in question was the representation of the salesman of the defendant that the car which would be delivered to her would be a new and perfect car and that it was guaranteed perfect in every way, and that she would have no trouble with it; but the testimony of the plaintiff herself shows that at the very time the aforesaid salesman was engaged in making these representations he informed her there was a written guaranty went with the car, while the first writing which she then and there signed not only expressly referred to such guaranty, but also expressly stated that the defendant would not be bound "by any understandings, agreements or representations, express or implied, not specified herein or covered by our retail sales guaranty duly executed."  This the plaintiff admits that she saw and signed, and also admits that she signed and received a copy of the amplified agreement between her and defendant at the time that she received the car, in which the express terms of the manufacturer's and seller's guaranty are set forth, and in which it is again expressly stated that the same contains the full agreement between the parties, and that no agreement of any kind and no verbal understandings or promises whatever will be recognized other than as embodied or specified therein.  The plaintiff does not pretend to state that she did not sign these writings knowingly and freely, or that any fraud, deceit, or concealment as to their terms and effect existed as an inducing cause for her execution of them; nor has the plaintiff shown in the proofs in this case that any of the terms of the express and limited warranty of the manufacturer and seller of the car set forth in detail in the written agreement, were violated by the defendant or by its principal, the Ford Motor Company.

This state of facts brings this appeal directly within the principle laid down in the case of *Pease* v. *Fitzgerald,* 31 Cal.

App. 727, [161 Pac. 506], recently decided by this court, wherein it is held that a person, signing a written agreement which contains upon its face the statement that only the written representations, agreements, and guaranties contained within its terms shall be binding upon the other party to it, cannot rely upon any oral statements made by the agent or representative of such party prior to or at the time of the execution of the written agreement. This case is in line with the well-established rule of law that where a party freely contracts with an agent, knowing the limit of the agent's authority, he may not be heard thereafter to assert that he was misled into believing that the agent had greater authority. (*Northern Assurance Co.* v. *Grand View Building Assn.,* 183 U. S. 308, [46 L. Ed. 213, 22 Sup. Ct. Rep. 133], and cases cited.)

It follows that the judgment herein must be reversed, and it is so ordered.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1917.