[Civ. No. 1963.   Second Appellate District.—January 8, 1918.]

## L. V. WATT, Respondent, v. BEKINS VAN & STORAGE COMPANY (a Corporation), Appellant.

APPEAL—ORDER DENYING NEW TRIAL—EFFECT OF CODE AMENDMENT.—
The amendment of August 8, 1915, to section 963 of the Code of Civil Procedure, taking away the right of appeal from orders denying motions for new trials, is applicable in every case where the order was made subsequent to the date of the taking effect of the amendment, notwithstanding the right to appeal from the judgment in such case had expired prior to the amendment.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

R. T. Lightfoot, for Appellant.

Williams, Goudge & Chandler, and Goudge, Robinson & Hughes, for Respondent.

CONREY, P. J.—In this case the defendant on the second day of October, 1915, served and filed its notice of appeal from an order denying its motion for a new trial, which order was made September 13, 1915.   Briefs were filed touching upon the merits of the case and the appeal was submitted for decision.   Thereafter the fact was noticed by us that at the time when said appeal was attempted to be taken, and also when the order was made, the law did not provide for appeals from orders denying motions for new trial.   Formerly the right to take such appeals was provided for by section 963 of the Code of Civil Procedure.   By an amendment of that section, in effect on and after August 8, 1915, that right had been taken away.   With consent of counsel for respondent, we have permitted counsel for appellant to file a supplemental brief for the purpose of showing, if possible, that the law as thus amended is not applicable to this case. We have given careful consideration to his argument.

The question seems to have been definitely determined against the contention of appellant.   In *Hirsch* v. *All Per-*

*sons, etc.,* 173 Cal. 268, [159 Pac. 712], as well as in other cases there cited, the supreme court determined that the amendment in question is necessarily applicable in every case where the order was made subsequent to the date of the taking effect of the amendment; that it is the condition of the law at the time of the making of the order that controls.

Appellant calls our attention to the fact that the judgment in the case was entered on October 7, 1914; that at that time and until August 8, 1915, the time allowed for appealing from the judgment was limited to six months (Code Civ. Proc., secs. 939 and 941b); that the defendant in this case had allowed that time to expire without appealing from the judgment; that the amendments to the two sections last mentioned, whereby, if the amendments could apply here, its right to appeal from the judgment would not expire until thirty days after entry in the trial court of the order determining defendant's motion for a new trial, in fact cannot be applicable here, and cannot have the effect to restore defendant's right to appeal from the judgment in this case, since by failing to appeal within the six months the right to the judgment had become finally vested in the plaintiff as against any appeal therefrom, and remained subject only to the pending attack by means of the motion for a new trial. All of these statements we concede to be true, and the consequent hardship to the defendant is very apparent. But we are unable to derive therefrom any ground of support for its claim that these facts have the effect to preserve its right of appeal from the order denying its motion for a new trial. The legislature had the power to take away defendant's right of appeal from that order at any time before the order itself was made. This power having been exercised, it is settled law, under the decisions to which we have referred, that the amended section 963 is applicable to a case like this, because in this case the order denying the motion for a new trial was made subsequent to the eighth day of August, 1915. The position of appellant is not improved by the decisions rendered in *Schmitt* v. *White,* 172 Cal. 554, [158 Pac. 216], and *Murray* v. *Southern Pacific Co.* (Cal.), [169 Pac. 675]. Those decisions are merely to the effect that where the motion for a new trial was pending on the eighth day of August, 1915, the ruling on that motion may be reviewed on appeal

from the judgment, as is permitted by section 956 of the Code of Civil Procedure, as then amended.

The appeal is dismissed.

Works, J., *pro tem.*, and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 6, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a hearing in this court after decision by the district court of appeal of the second appellate district, we deem it proper to say that we are not to be understood as conceding that the defendant did not have the right to appeal from the judgment within thirty days after entry of the order denying his motion for a new trial, for the purpose of having reviewed the latter order of the court (sec. 939, Code Civ. Proc.), notwithstanding that his right to appeal from the judgment had expired prior to the amendment of sections 939, 956, and 963 of the Code of Civil Procedure, in the year 1915. That very question is involved in a motion to dismiss an appeal now pending in this court. Its determination is unnecessary in this case.

The application for a hearing in this court is denied.