[Civ. No. 2102.   Second Appellate District.—February 19, 1918.]

CHARLOTTE P. MUNN, Respondent, v. EARLE C. ANTHONY, INC. (a Corporation), Appellant.

SALES—FRAUD—MISREPRESENTATIONS AS TO YEAR OF MANUFACTURE OF AUTOMOBILE—EVIDENCE.—In an action by the buyer of an automobile for damages for alleged misrepresentations made by the seller's agent regarding the year of manufacture, the fact that the plaintiff had an independent examination of the car made before buying does not deprive her of the right to prove reliance upon such representations, where such examination looked only into the general

condition of the car and its batteries, and not as to the year of its manufacture.

ID.—ORAL REPRESENTATIONS—WRITTEN CONTRACT—WAIVER.—Where a written contract for the sale of an automobile contains a description of the car with its model number, which number is descriptive to show the year of manufacture, and also contains a clause that all promises, verbal understandings, or agreements of any kind pertaining to the purchase not specified are expressly waived, the claim that false representations had been made as to the year of manufacture furnishes no ground for a cause of action for damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. Stanley A. Smith, Judge Presiding.

The facts are stated in the opinion of the court.

E. W. Freeman, and Paul Nourse, for Appellant.

Olin Wellborn, Jr., and Stephen Monteleone, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the plaintiff and from an order denying to the defendant Earle C. Anthony, Inc. (a corporation), a new trial. The action was based upon alleged misrepresentations made by an agent of appellant regarding the year of manufacture of a certain electric automobile. Plaintiff negotiated with English, the agent of appellant, for the purchase of a second-hand electric automobile. She alleged and the court found that English represented that the automobile had been manufactured in the year 1913, when in fact it was a 1912 model. The car was offered to the plaintiff, with electric rectifier, for the sum of one thousand eight hundred dollars. Plaintiff informed appellant's agent that she would not purchase it without the privilege of having an examination made by persons of her own selection. Agreeable to this suggestion, the machine was left with the mechanics designated by the plaintiff, where it remained for a day or so. These mechanics being experienced in the handling of electric machines, examined the car and its batteries and reported to the plaintiff that everything was in good condition and that the car "looked to be a good buy." Plaintiff thereupon offered appellant the sum of one thousand seven hundred dollars for the car and rectifier, that being one hundred dollars less than the proposed

price.   This offer was accepted, and thereupon a written contract was entered into and signed by both parties.   The contract appears to have been made upon the blank form used for the purchase of new cars, except that the descriptive matter was written in before it was signed.   The contract in its main parts was in the following form:

"November 24th, 1913.

"In consideration of the placing at once of an order with the manufacturer, I hereby agree to purchase of the California Motor Company of Los Angeles.

| | | |
|---|---|---|
| One R & L Electric Model No. 28475..... | Price | ....... |
| Sold for the account of Mrs. K. A. Kelley (AS IS) ......................... | Price | $1700.00 |
| Including one second hand Westinghouse Rectifier ......................... | Price | ....... |
| ................................ ............... | Price | ....... |
| ................................ ............... | Price | ....... |
| ................................ ............... | Price | ....... |
| ................................ ............... | Price | State License 2.00 |
| ................................ ..... | Total | 1700.00 |

and to pay for the same the sum of $1700.00, said payment to be made at the garage of the California Motor Company, of Los Angeles, as soon as shipment from factory is received.

"All cars are sold under the Standard Warranty of the National Association of Automobile Manufacturers.

"All promises, verbal understandings or agreements of any kind pertaining to this purchase not specified herein, are hereby expressly waived.

"Subject to conditions on back.

"Signed CHARLOTTE P. MUNN.

"Received of Charlotte P. Munn—Hotel Maryland, Pasadena, Cal., the sum of $200, as deposit upon and to apply upon the purchase price of the above contract.

"All agreements contingent upon fires, strikes, delays in shipment, accidents or other reasons beyond our control.

"CALIFORNIA MOTOR COMPANY,
"By E. ANTHONY."

There was a conflict in the evidence upon the question as to whether the false representations had been made and this

conflict having been resolved by the trial judge in favor of the plaintiff, appellant admits that the determination of that fact is beyond the reach of its appeal.    However, two points are insisted upon: First, that the plaintiff was not entitled to rely upon any representations made regarding the automobile when she resorted to independent means before buying to ascertain its value and condition; second, that having finally entered into a written contract of sale which contained terms excluding all previous negotiations and statements, the claim that false representations had been made by way of inducement could furnish no ground for a cause of action.    As to the first proposition, we do not agree with appellant's contention, for the reason that the evidence does not show that the independent examination made at the instance of the plaintiff went to the question at all as to the year of manufacture of the car.    This examination looked only into the general condition of the machine and its batteries.    As to the second point, we think the contention of appellant should be sustained.    The written contract as entered into contained a description of the car, with its model number, and contained the limiting clause that "all promises, verbal understandings or agreements of any kind pertaining to this purchase not specified herein, are hereby expressly waived."    It appears that the model number as used in the contract was descriptive to show the year during which the car was manufactured, for the witness Holbert testified that "the Rauch & Lang Company never designates the year of their models; they always just use the model number or model letter."    It seems quite plain that the limiting term incorporated in the contract was intended to save disputes and eliminate all question of representations as to kind and condition of machines sold. Our Civil Code, section 1625, provides that, "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."    (See, also, *Tockstein* v. *Pacific Kissel Kar Branch,* 33 Cal. App. 262, [164 Pac. 906].)    The writing here considered appears to be intended to express the whole contract between the parties.    (*Kreuzberger* v. *Wingfield,* 96 Cal. 251, [31 Pac. 109].)

While appellant advances the further argument that the evidence was insufficient to sustain the finding that there was

any difference in the value between a 1912 model electric and a 1913 model, both being in the same condition of repair, we are not prepared to agree with that contention. The evidence was not strong, but it was of such a nature as might well have been satisfactory to the trial judge. The value of the car as purchased by the plaintiff appears to have been established at a price not less than the amount she paid for it. She used the machine for about a year before discovering, as was found by the court, that the automobile was a 1912 instead of a 1913 model. The damage to her—that is, the difference between what the machine would have been worth had it been of the later model and the value of a machine of 1912 model—the court found to be $150. We are satisfied that this judgment cannot be sustained, because of the condition of the contract by which plaintiff waived the representations made previous to the execution thereof. The law did not permit an appeal to be taken from an order denying a new trial at the time the appeal herein was perfected; hence as to the order attempted to be appealed from no judgment is required. (*Watt* v. *Bekins Van & Storage Co.,* 35 Cal. App. 776, [171 Pac. 832].)

The judgment is reversed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.