[Civ. No. 2082. Second Appellate District, Division Two.—January 29, 1920.]

FRED J. KARST, Appellant, v. H. A. SELLER et al., Respondents.

[1] PLACE OF TRIAL—RESCISSION OF CONTRACT—FRAUD—ACTION TO RECOVER MONEY PAID AND DAMAGES—PARTIES DEFENDANTS.—In an action to recover money paid, notes given and damages incurred by reason of a rescinded contract of sale of a motor-truck to plaintiff by alleged fraudulent and false representations, only the parties to such contract, or those in privity with them, can be joined; and, while one not a party to the contract but who fraudulently participated in inducing the execution of the contract would be liable in an action for damages, he would not be a party to the liability involved in the rescission, and his joinder as a defendant will not justify the retention of the action in the county of his residence as against the motion and demand of the defendant party to the contract that the place of trial be changed to the county of the latter's residence.

[2] ID.—ORDER CHANGING PLACE OF TRIAL—ESTOPPEL TO COMMENCE NEW ACTION.—Where the court on a motion by one defendant to change the place of trial to the county of his residence has determined that his codefendant is not a proper party to the action and granted the change of venue, the plaintiff is estopped from bringing a new action and again making the latter a defendant to give jurisdiction under the same state of facts, or by merely camouflaging them in a different form of action which such facts will not support.

[3] ID.—STATEMENT CAUSE OF ACTION—CONCLUSIVE OF COMPLAINT —RIGHT TO PRESENT SUFFICIENCY ON MOTION FOR CHANGE OF VENUE.—The fact that the complaint states a cause of action against the defendant resident in the county where the action is brought is not conclusive as against a motion by a codefendant to

change the place of trial to the county of the latter's residence, but it may be shown on such motion that the cause of action stated does not in reality exist.

[4] ID.—ORDER FOR CHANGE OF PLACE OF TRIAL—FINALITY OF—APPEAL FROM.—An order for change of place of trial has all the characteristics of a final judgment, and an appeal lies therefrom.

APPEAL from an order of the Superior Court of Los Angeles County changing the place of trial. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Stewart & Stewart and Wm. H. Holmes for Appellant.

Norman A. Eisner and Overton, Lyman & Plumb for Respondents.

SLOANE, J.—Plaintiff appeals from an order changing the place of trial of this action from the county of Los Angeles to the city and county of San Francisco.

The order was made on the application of the defendant Seller on the grounds that he is a resident of San Francisco, that no cause of action exists in favor of plaintiff against the other defendant, J. E. Armstrong, and that the attempt to state a cause of action against said Armstrong was fraudulent and for the sole purpose of having the action tried in Los Angeles County, where said plaintiff and the defendant Armstrong reside.

The complaint is on an action to recover money paid, notes given and damages incurred by reason of a rescinded contract of sale of a motor-truck to plaintiff by alleged fraudulent and false representations. It is alleged that the two defendants were engaged in the business of selling motor-trucks, and conspired together to deceive, cheat, and defraud plaintiff; that they falsely, fraudulently, and willfully represented the truck to be a two-ton truck, entirely new, in perfect running order, whereas it was only a ton and a half truck, was not new, and had been misused and damaged; that these facts were known to defendants and unknown to plaintiff; that he had no knowledge of motor-trucks himself, but relied upon the representations and was induced thereby to make the purchase; and that he was damaged, etc.

[1]  For the purposes of the issue presented on motion for change of venue, or as against a general demurrer, this complaint states a cause of action against both defendants. If the order appealed from can be sustained, it must be on the alleged ground that the joinder of the defendant Armstrong was fraudulently made for the sole purpose of holding the action in the courts of Los Angeles County. It is provided in section 395 of the Code of Civil Procedure that "if any person is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county where he resides, his residence must not be considered in  determining which is the proper county for the trial of the action."

Respondents, in support of the order granting the change of venue, rely upon certain facts appearing in the bill of exceptions. It appears that previous to filing this complaint plaintiff brought suit in Los Angeles County on this same cause of action against the defendant Seller alone. A change of venue was granted because of defendant's residence in San Francisco, and the papers were transmitted to the superior court of San Francisco County, whereupon plaintiff dismissed the action and brought another suit on the same cause of action, again in the county of Los Angeles, joining as defendants J. E. Armstrong and one Sanford Wixon, the latter being also a resident of the county of Los Angeles. A change of venue to San Francisco was ordered also in this case. It does not appear from the record on what ground, but it seems to be conceded by the argument that it was on the application of defendant Seller, and because of his residence in San Francisco. Whether the ruling of the court, however, was on the ground that the complaint did not state a cause of action against the Los Angeles defendants, or on the ground that no meritorious ground of action existed against them, is not indicated. Neither does it appear from the bill of exceptions on behalf of the plaintiff that the second action was dismissed. From all that appears from the record it may still be pending in the superior court of San Francisco. However, no issue is raised on this appeal as to another action pending, and all we have to consider is whether or not a valid cause of action, pleaded in good faith, is set out in the complaint here against J. E. Armstrong.

. We do not think the record on the order before us disproves the existence of a cause of action against Seller and Armstrong, jointly, on the alleged facts; but such cause of action, if it exists, is a cause of action for damages for fraud and deceit, and not for recovery on rescission of the contract. The complainant, in such a case as this, may rely on the rescission of the contract and sue to recover the consideration and his damages in attempting to carry out the contract; or, recognizing the contract, he may sue for damages for the .fraud perpetrated. The action in which the order here appealed from was made is on the rescission, and it is contended—we think rightly—that only the parties to such contract, or those in privity with them, can be joined. While the complaint in this action charges both defendants jointly on the contract, the record on the motion for change of venue discloses that the contract in question was one between the plaintiff and defendant Seller alone. The fact that defendant Armstrong fraudulently participated in inducing the execution of the contract, while it would render him liable in an action for damages, does not make him a party to the liability involved in the rescission.

[2] But irrespective of the correctness of respondents' contention on this point, we are of the opinion that plaintiff was estopped by the order granting a change of venue in the second action from again renewing this same action in the Los Angeles court. That action joined defendants Seller and Armstrong on the same state of facts as form the basis for the present suit. The court granted a change of venue to San Francisco on the application of defendant Seller because of his . being a resident of that city and county. The facts pleaded in that case are shown to be the same as actually exist in this. If they would not justify the joinder of the two defendants then, they will not justify it now. The court, on a hearing of the matter, must necessarily have held that under that state of facts the defendant Armstrong was not a necessary party defendant. The record does not disclose on what showing of facts, outside the allegations of the complaint, the order changing the place of trial was made in that action, but we must presume it was such as to support the order. [3] Under the provisions of section 395 of the Code of Civil Procedure, *supra,*

and the decision of the supreme court in *McDonald* v. *California Timber Co.,* 151 Cal. 159, [90 Pac. 548], the mere fact that the complaint in this case states a cause of action against Armstrong is not conclusive. It may be shown that the cause of action stated does not in reality exist. As we have pointed out, the lower court, by the order made on the second suit, passed upon that point; and we are satisfied, whether the matter may be considered *res adjudicata* or not, that a defendant, having been determined to be an improper party on one application for change of place of trial, cannot again, and, perhaps, again and again, be made a defendant to give jurisdiction under the same state of facts, by merely camouflaging them in a different form of action which such facts will not support.

[4] The action of the court on the questions involved in the order for change of place of trial has all the characteristics of a final judgment. Issues of fact are presented and tried on their merits, and an appeal lies from the order. We find no California decisions on this point, but the general rule in other jurisdictions seems to be that if a motion involves a substantial right, and a full hearing is afforded thereon, and the order made on such motion is appealable, such order is a final adjudication of all matters involved in the motion. (Ann. Cas. 1914D, 975, note; *Hoge* v. *Norton,* 22 Kan. 265; *Truesdale* v. *Farmers' Loan etc. Co.,* 67 Minn. 454, [64 Am. St. Rep. 430, 70 N. W. 568]; *Bennett's Admr.* v. *Russell's Extrx.,* 39 Mo. 152, [90 Am. Dec. 457]; *Fitterling* v. *Welch,* 76 Minn. 441, [79 N. W. 500]; *Rogers* v. *McCord-Collins Co.,* 19 Okl. 115, [91 Pac. 864]; *Smith* v. *Zalinski,* 94 N. Y. 524.)

The order appealed from is affirmed.

Finlayson, P. J., and Thomas, J., concurred.