HOESE, Appellant, v. WHOLE WHEAT CEREAL CO., Defendant, and CHRISTENSON, Respondent.

(222 N. W. 693.)

(File No. 6324. Opinion filed December 31, 1928.)

*James O. Berdahl,* of Sioux Falls, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

(222 N. W. 692.)

(File No. 6325. Opinion filed December 31, 1928.)

*James O. Berdahl,* of Sioux Falls, for Appellant.
*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

POLLEY, J.  This is an appeal from an order changing the place of trial of this action from the municipal court of Sioux Falls to the circuit court of Spink county.  The action is based on a promissory note executed by defendant Christenson, and payable to the Whole Wheat Cereal Company, to be hereafter referred to as the "Cereal Company."  The Cereal Company indorsed and transferred the note to the plaintiff.  The note was not paid when due, and this action was brought to recover thereon.

The Cereal Company is joined with the maker of the note, Christenson, as a defendant.  Christenson is a resident of Spink county and moved that the place of trial be changed to the circuit court of that county.  The motion was granted and plaintiff appeals.  The place of trial of this action is governed by section 2327, Rev. Code of 1919.  This section provides that "an action upon a promissory note against persons, any one of whom resides in the state at the commencement of the action and was a party to said note when first delivered, shall be tried in the county in which some defendant who was a party to said note when first delivered shall reside at the commencement of the action."  This provision of law was taken from chapter 103, Laws of 1901, and appears to have been enacted for the purpose of preventing the maker of a promissory note from being compelled to go into a county other than that of his residence to defend an action on such note.  This is apparent from the language of the emergency clause attached to said chapter.  The emergency clause reads as follows:

"Whereas, there is no statute to protect makers of promissory notes from being sued in any county in which a person resides whom the holder of the note can induce to sign his name on the back thereof, therefore an emergency is hereby declared to exist and this act shall be in force from and after its passage and approval."

█ Of course, where there is more than one defendant in said action and such defendants reside in different counties, the rights of such defendants are equal, and neither defendant is entitled to have the place of trial changed from the county of another defendant, but where a person is made a defendant in an action for the sole purpose of controlling the place of trial, this statute should not be allowed to control. It is the contention of respondent that the Cereal Company was not made a party in good faith, but for the sole purpose of preventing the place of trial from being changed to Spink county. This contention is supported by an affidavit to the effect that said Cereal Company is insolvent, is not a going concern, and, in fact, is wholly defunct, and no longer an existing corporation. These claims are not denied by the plaintiff except in a very evasive affidavit made by plaintiff's attorney, in which he says he has talked with the president of the Cereal Company and was informed by him that no proceedings for the appointment of a receiver of said company had ever been had, or that bankruptcy proceedings had ever been instituted against said company. Said affidavit also states that affiant had inquired of the clerk of the circuit court of Minnehaha county and of the clerk of the Federal District Court, and that affiant was informed by said parties that no receivership or bankruptcy proceedings had been instituted against said corporation. No claim is made, however, that said corporation is a going concern or that it has any assets or could respond to a judgment in any amount. On the other hand, it is shown that said corporation has neither answered nor demurred in this action nor made any appearance whatever. This being the case, the plaintiff could have taken judgment against said defendant long ago and collected the amount due on the note, if it had been a solvent going concern, but no such steps have been taken, and it is apparent that it is wholly immaterial to said corporation where this action is tried, and that it was named as a defendant in this action for the sole purpose of preventing the place of trial from being changed to Spink county. The fact that the complaint states a cause of action against the Cereal Company is not decisive. Karst v. Seller, 45 Cal. App. 623, 188 P. 298. Under all the circumstances shown by the record in this case, to permit the trial to take place in Minnehaha county would work a fraud on the respondent, and the judge of the municipal court was right in

granting the change. George v. Kotan et al, 18 S. D. 437, 101 N. W. 31.

The order appealed from is affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.