[Civ. No. 7213. Second Appellate District, Division Two.—July 26, 1932.]

W. J. LATCHFORD COMPANY (a Corporation), Appellant, v. SOUTHERN CALIFORNIA GAS COMPANY (a Corporation), Respondent.

Evans, Pearce & Campbell and Earl Oakley for Appellant.

Thos. J. Reynolds and L. T. Rice for Respondent.

CRAIG, J.—In an action upon a contract pursuant to which fuel was alleged to have been furnished at a rate in excess of the schedule price chargeable in such cases, judgment was rendered in favor of the defendant upon the pleadings. The plaintiff appealed.

The appellant's contract required, and it paid for some years, at the rate of twenty-six cents for natural gas furnished by the respondent. The complaint alleges that the respondent represented through its agent, who was clothed with authority to act for his principal, that the buyer was not entitled to nor eligible for a lower rate, and that a lower rate could not and would not be allowed; that said representations were false, were known to the defendant to have been made by said agent, and that they were known to be false and fraudulent, and were made with intent to deceive and defraud the plaintiff; that the plaintiff was entitled to the lower rate, and that the defendant knew that the latter rate was available to the plaintiff. Judgment was demanded for the difference between the alleged proper rate and the amount which had been paid. By the terms of said contract it was agreed: ''All terms and stipulations heretofore made and agreed to by the parties in relation to said fuel service are merged in this contract, and no representation of any agent or employee shall be binding upon the company, except as expressed herein.'' At the time set for trial the plaintiff was permitted to file an amendment to its complaint, and to allege that the defendant falsely and fraudulently and with intent to defraud the plaintiff, represented ''through the defendant's agents, representatives and employees'', ''who were clothed with authority to act for the defendant in soliciting contracts'', that the plaintiff was not eligible for the lower rate for fuel and could not write a contract therefor; that such representations were knowingly and intentionally false. It was stated in behalf of the plaintiff that it would prove that it was entitled to a

lower rate during the entire period of time covered by its contracts, "which the agent of the defendant secured through his misrepresentations to the plaintiff", and which the plaintiff "was induced to enter into by false and fraudulent representations by his agent".

It is contended by the appellant as a ground for reversal that the trial court erred in declining to permit the introduction of evidence tending to prove the allegations of fraud contained in its complaint and as indicated by its offer of proof; and authorities holding that the exemption clause as to agents "does not preclude proof of fraudulent representations by which the defendant was induced to execute the agreement and the promissory note" given upon subscription for stock, etc., are cited. It is well established that parol evidence is always admissible to prove fraudulent negotiations in the procurement of a contract. But in each of the cases upon which the appellant relies it appeared that the principal had acquiesced in the agent's acts or representations, or facts peculiar to the transaction there considered do not preclude the application of such doctrine. However, as stated by our Supreme Court in *Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322]: "A well-established exception, however, is the case where the party seeking to rely on fraudulent representations of an agent had notice of the limitation on the agent's authority to make representations. Therefore a principal is bound only by the representations embodied in the written contract where a provision in the contract notified the prospective purchaser that the agent's authority went no further. (*Fidelity & Casualty Co. of New York* v. *Fresno Flume & Irr. Co.*, 161 Cal. 466 [37 L. R. A. (N. S.) 322, 119 Pac. 646]; *Pease* v. *Fitzgerald*, 31 Cal. App. 727 [161 Pac. 506]; *Tockstein* v. *Pacific Kissel Kar Branch*, 33 Cal. App. 262 [164 Pac. 906]; *Munn* v. *Anthony*, 36 Cal. App. 312 [171 Pac. 1082]; *Schuster* v. *N. A. Hotel Co.*, 106 Neb. 672 [184 N. W. 136, 186 N. W. 87]; *Northern Assur. Co.* v. *Grand View Bldg. Assn.*, 183 U. S. 308 [46 L. Ed. 213, 22 Sup. Ct. Rep. 133].) In the case of *Pease* v. *Fitzgerald, supra,* the rule was applied under circumstances almost identical with the circumstances in the present case. Defendant, however, attempts to escape the effect of the settled rule of these cases by testifying that he did not have his glasses with him at the

time he signed the subscription contract and gave the notes and therefore he did not read the contract nor the provision referred to. But this cannot afford him an excuse in the absence of a showing that he was prevented by the agent from reading the limiting clause or was otherwise tricked into signing the document without reading it. He made no request to have the contract read to him. In addition it was in evidence that he had previously signed similar contracts with the same company in subscribing for 3,000 shares of its stock." No semblance of fraud other than representations of an agent which were capable of verification by the appellant from published schedules is asserted in the instant case, though it continued to accept the respondent's service over a period of more than two years.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.