[Civ. No. 9348.   First Appellate District, Division Two.—February 21, 1934.]

FLETA M. CLANCY, Appellant, v. BECKER–ARBUCKLE–WRIGHT CORPORATION (a Corporation) et al., Respondents.

Kenneth C. Wiseman for Appellant.

Jennings & Belcher, Keogh, Cate & Colver and Alfred E. Cate for Respondents.

SPENCE, J.—Plaintiff brought this action for the rescission of a contract to purchase real property and to recover the sum of $2,052.50 which had been paid under the terms thereof. Defendants' motions for nonsuit were granted and from the judgments of nonsuit plaintiff appeals.

Defendant Title Guarantee and Trust Company, hereinafter referred to as the owner, was the owner with which plaintiff entered into the written contract to purchase the land. Defendant Becker-Arbuckle-Wright Corporation, hereinafter referred to as the selling agent, was the broker or selling agent in charge of the sale of the entire tract of which the lot in question was a part. Defendant Commerce Casualty Company, hereinafter referred to as the surety, was the surety on the bond of the broker or selling agent filed pursuant to law with the real estate commissioner.

In January, 1930, plaintiff answered an advertisement and shortly thereafter accepted employment as a saleswoman for the selling agent on the tract in question. Said tract was known as the Toluca Lake tract and was located in the city of Los Angeles. About one month later plaintiff signed a contract dated February 15, 1930, for the purchase of the westerly half of lot number 11 in said tract. She continued in her said employment for five or six months thereafter. In February, 1932, being about two years after entering into said contract, she gave notice of rescission thereof and subsequently brought this action.

The complaint was entitled "Complaint for Rescission". It contained two counts. The first count purported to allege fraud and the second count purported to allege undue influence. The ground of undue influence was apparently abandoned by plaintiff on the trial and is not urged on this appeal. The alleged rescission upon which plaintiff based

her claim of fraud may be summarized as follows: That defendants could and would resell her lot at a profit and could and would double her money on the same; that defendants would install certain improvements on said tract without expense to plaintiff; that defendants would build bungalows, .apartments and residences on said tract of the best type and quality and thereby enhance the value of plaintiff's lot; that the traffic plan commonly known as the "Five Finger Plan" would be installed at once by the city of Los Angeles connecting with said tract; that defendants had "inside information" on these traffic developments; that defendants "were making arrangements" whereby Riverside Drive would soon be a "Second Wilshire Boulevard" and trolley service and bus lines would soon be installed; that "within a short time Boeing Air Port would employ hundreds of persons who would live on and near said tract" and that other industries "would soon greatly enlarge their plants in that vicinity"; that defendants "were selling plaintiff a $4200.00 lot for $4000.00". It was further alleged that said representations were false and fraudulent and that defendants' promises regarding reselling her lot, and so forth, were made without any intention of performing them. The complaint also contained allegations relating to the execution and filing of the bond by the surety and to the terms of said bond. The prayer asked that the contract be declared rescinded and further asked for judgment for the amount paid by plaintiff, together with interest.

In support of the action of the trial court in granting the motions for nonsuit respondents contend that there was no evidence showing actionable fraud and that plaintiff was guilty of laches. We do not believe, however, that it is necessary to review the evidence relating to these contentions, for we are of the opinion that the judgments must be affirmed upon other grounds urged by respondents.

We will first direct our attention to the question of the propriety of the trial court's ruling granting the nonsuit in favor of the respondent owner. The contract entered into by the appellant and the respondent owner contained the following provisions: "It is understood that this instrument contains the entire agreement between the parties, and the Buyer agrees that the Seller has not, and that no agent of the Seller has made any representation or promise with

respect to, or affecting said property or this contract not expressly contained herein." It should be stated that appellant's claim of fraud rests solely upon certain alleged oral promises and representations made by the representatives of the selling agent, none of which alleged promises or representations were contained in the written contract with the owner. In view of the above-mentioned provision of the contract we are of the opinion that appellant may not rely upon said alleged oral promises and representations of the representatives of the selling agent in an action against the owner. (*Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322]; *Speck* v. *Wylie*, *(Cal. App.) [29 Pac. (2d) 312]; *W. J. Latchford Co.* v. *Southern California Gas Co.*, 125 Cal. App. 112 [13 Pac. (2d) 871]; *Campbell* v. *Title Guarantee & Trust Co.*, 121 Cal. App. 374 [9 Pac. (2d) 264]; *Warner* v. *Taft Land & Development Co.*, 113 Cal. App. 71 [297 Pac. 969]; *Munn* v. *Earle C. Anthony, Inc.*, 36 Cal. App. 312 [171 Pac. 1082]; *Tockstein* v. *Pacific Kissel Kar Branch*, 33 Cal. App. 262 [164 Pac. 906]; *Pease* v. *Fitzgerald*, 31 Cal. App. 727 [161 Pac. 506].) The provision in the contract here and the provision under consideration in *Campbell* v. *Title Guarantee & Trust Co., supra,* are identical. In an attempt to escape the effect of the foregoing authorities, appellant cites *Simmons* v. *Ratterree Land Co.*, 217 Cal. 201 [17 Pac. (2d) 727], and states that the decision in *Gridley* v. *Tilson, supra,* has "been definitely clarified" in the later decision. We find these authorities entirely in accord. The Supreme Court said on page 71 of the decision in the Simmons case, "The doctrine of *Gridley* v. *Tilson, supra,* would preclude plaintiff from relying on representations of the agents, contrary to the express provisions of the written contract, were it not for additional circumstances which operate in plaintiff's favor." The court then proceeded to point out the circumstance that the plaintiff in the Simmons case was in legal effect coerced into the actual signing of the contract at a late hour in the evening without a full opportunity to consider it and was compelled under the terms of the contract to permit the seller to retain the buyer's copy. It then distinguished the two cases by saying, "In *Gridley* v. *Tilson, supra,* the fraud was not in

REPORTER'S NOTE: A hearing was granted by the Supreme Court in the case of *Speck* v. *Wylie* on March 26, 1934.

the execution of the contract, but antecedent thereto and in the inducement of the contract.'' Here we find no evidence of any circumstances which would take the case out of the operation of the rules laid down in the foregoing authorities and we therefore conclude that the nonsuit was properly granted as to the respondent owner.

After the trial court had made its order granting the motion of the respondent owner, the parties argued and were permitted to submit briefs on the motion for nonsuit made on behalf of the respondent selling agent. On the argument the trial court said, ''It seems elementary to me that in a cause for rescission where the case falls against the principal, it would necessarily fall against the agent. . . . '' Counsel for appellant asked for an ''opportunity to look into that point'', which opportunity was given. The complaint was not amended nor did appellant ask leave to amend. ■ Appellant proceeded upon the theory that she was entitled to a judgment of rescission against the selling agent, but it appears that the selling agent was not a party to the contract which appellant sought to rescind. If the selling agent was guilty of actionable fraud, a recovery might have been had against the selling agent in an action for damages regardless of the nonliability of the owner resulting from the clause contained in the contract. But here the action was solely an action for rescission and the complaint contained no allegations of damage, which allegations are essential in an action for damages for fraud. We are of the opinion that appellant was not entitled to a judgment for rescission against one who was not a party to the agreement and that the nonsuit was properly granted herein as to the selling agent. (*Marks* v. *Joseph H. Rucker & Co.,* 53 Cal. App. 568 [200 Pac. 655] ; *Karst* v. *Seller,* 45 Cal. App. 623 [188 Pac. 298].) From this conclusion it necessarily follows that the trial court properly granted the motion for nonsuit made on behalf of the surety of the selling agent.

■ Appellant makes the further contention that, regardless of the question of fraud, there was a failure of consideration entitling her to rescind the contract. There are two sufficient answers to this contention. First, failure of consideration was not pleaded, the complaint alleging only fraud and undue influence. ■ Second, there was no

failure of consideration under the contract of sale. The only basis for the claim of failure of consideration is that there had been a failure to install "promised improvements". There were no "promised improvements" mentioned in the contract which appellant seeks to rescind and, for the reasons hereinabove stated, the owner was not bound by the alleged oral promises of the representatives of the selling agent relating to such improvements.

The judgments are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.