[Civ. No. 14450. Second Dist., Div. One. Oct. 20, 1944.]

GEORGE W. LEAVENS et al., Plaintiffs and Respondents, v. HENRY T. SHARP et al., Defendants and Respondents; WILLIAM H. ABEL, Appellant.

Barker & Keithly for Appellant.

Joseph D. Taylor for Respondents.

YORK, P. J.—This is an action for rescission of a contract for the purchase of a parcel of real property and the return of the purchase price, on the ground that the agent of the sellers made material misrepresentations of fact to the buyers which the latter relied upon to their damage.

Said misrepresentations are alleged to have been made as to the location of a boundary line of the lot by defendant Haney, a licensed real estate broker, who negotiated the sale. Defendant William H. Abel, also a licensed real estate broker operating under the name of Beverly Crest Realty Company, had an exclusive contract with defendants Henry T. Sharp and Jean A. Sharp for the sale of their undivided one-half interest in the property in question, and acted for his wife, Hope Y. Abel, as to her undivided one-half interest in the same piece of property. Defendant Abel also had an agreement whereby he had contracted to divide commissions with defendant Haney on any sales made by the latter.

The purchase price of the lot herein was $2,500, $250 of which was paid March 4, 1941, through Beverly Crest Realty Company, and the balance of $2,250 was paid through Security-First National Bank, as escrow agent for the sellers, said bank being authorized by defendants Sharp and Hope Y. Abel to act upon any instruction given to it by defendant William H. Abel.

The record herein discloses that under an agreement dated October 7, 1937, between defendants Sharp and defendant William H. Abel, reciting that the Sharps had purchased a

tract of land known as the Stack Ranch (which included the lot here in question) by paying $5,000 cash and giving a note for $30,000 secured by a trust deed,—said William H. Abel acquired an undivided one-half interest in the said ranch by paying to the Sharps the sum of $2,937.50 and agreeing to assume a joint obligation to pay the said promissory note and one-half of all the expenses incurred in connection with the sale of the property in parcels of one acre or more. In conjunction with this agreement, a contract was executed by which said Abel was to act as broker for the Sharps in the sale of the property.

Under date of February 24, 1941, the Sharps and William H. Abel conveyed an undivided one-half interest in the Stack Ranch to Henry T. Sharp and Jean A. Sharp, and an undivided one-half interest therein to Hope Y. Abel. The lot here involved was conveyed to plaintiffs by Henry T. Sharp, Jean A. Sharp and Hope Y. Abel by deed dated March 5, 1941. In April of 1941, plaintiffs discovered the discrepancy relating to the boundary line of the lot purchased by them and on July 25, 1941, they commenced the instant action. On motion of counsel for David Haney, the action was dismissed as to him and plaintiffs elected to proceed to trial on the theory of rescission of contract rather than for damages.

From a judgment in favor of plaintiffs against Henry T. Sharp for $100, against William H. Abel for $2,400 and costs; and in favor of defendants Sharp and Hope Y. Abel for costs against the plaintiffs, defendant William H. Abel prosecutes this appeal.

Appellant contends that the judgment is against law and that his motion for a new trial should have been granted. In this regard he urges that the judgment is not supported by the record because this being an action for rescission, the theory of which is the avoidance of the contract, the title to the land reverted to the sellers, who are restored to their former ownership; that only one of the sellers is held liable for repayment of the purchase price and that one, Henry T. Sharp, to the extent of $100, while appellant, "the unfortunate broker, whose profit in the transaction was only a portion of the real estate agent's commission, is required to pay the remaining amount of $2400.00."

The escrow agent paid to John Haskel & Company the sum of $1,138 and to William H. Abel, $1,077.15. Appellant Abel

testified that he received the $1,077.15 from the escrow and that none of the money was paid to Mrs. Hope Y. Abel from the escrow, "because all the money derived from this escrow was necessary to pay subdivision costs."

Respondents concede that the only issue herein "is the question of the person or persons from whom plaintiffs are entitled to recover this money"; and that unless appellant Abel was the owner and a party to the contract of sale the sum of $1,327.15 ($1,077.15 plus $250), "would seem to be the limit of recovery against him." However, respondents urge that "Hope Y. Abel was not the owner of the property conveyed to these respondents, but that the property was held in the name of Hope Y. Abel as the nominee of and for the benefit of her husband, the defendant William H. Abel, who was the owner and seller."

As to ownership of the property, the court found that "at all times after February 25, 1941, the defendants Henry T. Sharp, Jean A. Sharp and Hope Y. Abel were the owners of said realty described in the complaint. . . ." This finding is supported by the record, there being no evidence that appellant had any interest in the property here involved.

An action in rescission presupposes the relation of vendor and vendee and the restoration of both parties to their former position. In the instant case, there was no contractual relation between the respondent vendees and appellant agent. An action for damages based upon the alleged fraud would have been respondents' only recourse against appellant, but by electing to proceed in rescission, their right of recovery under the pleadings herein was limited to the consideration paid for the property. The fact that appellant, as agent for the vendors, handled the deposit and was empowered by them to direct the disposition through escrow of the balance of the purchase money did not render him personally liable. If the incumbrances against the property and other liabilities of the vendors were discharged by appellant, which was evidently the case, the vendors received the benefit thereof, and said vendors having been reinvested with title to the property are bound to place the respondent vendees *in statu quo*.

"In order to obtain a decree in equity for the rescission of a contract or the cancellation of a written instrument, it is necessary to bring before the court, as parties to the action,

all those having interests in the subject matter, or whose rights or claims must be adjudicated and concluded in order to do complete equity in the premises. . . . So, if there are several parties arrayed on one side of a contract or grant, all of them must be joined in an action to rescind or vacate it, unless one of them has in the meantime acquired all the interests of the others. . . . It is proper, if not necessary, to join as defendants in an action for rescission or cancellation all the parties who participated in the fraud which is the basis of complaint, or who conspired or colluded together to defraud the complainant, though the several defendants may have different interests in the result of the fraud. . . . Again, any person is a proper party defendant who has a right to or interest in the subject matter of the action, which must be divested if the object of a rescission is to be completely effected, that is, the restoration of the parties to their former situation.'' (Black on Rescission and Cancellation (2d ed.), pp. 1576, et seq., §§ 657, 658.)

In *Lozier* v. *Janss Investment Co.*, 1 Cal.2d 666, 669 [36 P.2d 620], an action brought against the investment company for return of the consideration paid by plaintiffs on contracts to purchase real property, and against defendants Ellis and Germann, salesmen of said investment company, for damages for fraud and deceit, it was held that a judgment for a return of the money paid with interest as upon a rescission was proper as against the vendor, and while a judgment against the agents in damages for fraud in the same amount would ordinarily have been proper, the two judgments were inconsistent; and where plaintiffs had rescinded, this limited the recovery to a judgment against vendor for a return of the consideration, and forbade a judgment against the agents for the identical sum, based upon fraud or deceit, which would presuppose an affirmation of the contract instead of a rescission.

It was stated in the case of *Clancy* v. *Becker-Arbuckle-Wright Corp.*, 137 Cal.App. 43, 47 [29 P.2d 868] : Appellant proceeded upon the theory that she was entitled to a judgment of rescission against the selling agent, but it appears that the selling agent was not a party to the contract which appellant sought to rescind. If the selling agent was guilty of actionable fraud, a recovery might have been had against the selling agent in an action for damages regardless of the nonliability

of the owner resulting from the clause contained in the contract. But here the action was solely an action for rescission and the complaint contained no allegations of damage, which allegations are essential in an action for damages for fraud. We are of the opinion that appellant was not entitled to a judgment for rescission against one who was not a party to the agreement and that the nonsuit was properly granted herein as to the selling agent. (*Marks* v. *Joseph H. Rucker & Co.*, 53 Cal.App. 568 [200 P. 655]; *Karst* v. *Seller*, 45 Cal. App. 623 [188 P. 298].)''

In *Karst* v. *Seller*, 45 Cal.App. 623, 626 [188 P. 298], the court said: ''The complainant, in such a case as this, may rely on the rescission of the contract and sue to recover the consideration and his damages in attempting to carry out the contract, or, recognizing the contract, he may sue for damages for the fraud perpetrated. The action in which the order here appealed from was made is on the rescission and it is contended—we think rightly—that only the parties to such contract, or those in privity with them, can be joined. While the complaint in this action charges both defendants jointly on the contract, the record on the motion for change of venue discloses that the contract in question was one between the plaintiff and defendant seller alone. The fact that defendant Armstrong fraudulently participated in inducing the execution of the contract, while it would render him liable in an action for damages, does not make him a party to the liability involved in the rescission.''

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

Doran, J., and White, J., concurred.