[Civ. No. 22892.   Second Dist., Div. One.   July 14, 1958.]

DELMAR K. MAHONEY et al., Respondents, v. LEE FELKINS et al., Defendants; BADGER SALES COMPANY, INC. (a Corporation), Appellant.

John H. Dawson for Appellant.

Gordon, Weinberg & Capalbo and Leonard D. Weinberg for Respondents.

FOURT, J.—This is an appeal from a judgment in favor of the purchasers for money paid toward the purchase price of a coin-operated vending machine route in the Victorville-Apple Valley area. Judgment was rendered without segregation as to amount, against Lee Felkins, A. T. Felkins and William Leerskov individually and doing business as Felton Music Company (hereinafter referred to as "Sellers"), and the business opportunities broker Badger Sales Company, Inc. (hereinafter referred to as "Agent"), which broker acted as Agent for the Sellers. The Agent alone has perfected its appeal.

The action for rescission is based upon certain misrepresentations of fact made by Sellers and Agent that the route was grossing the Sellers a weekly profit of $1,450, whereas it was found to be grossing less than $1,000 per week. In the coin-operated machine business the term "profit" is defined to mean the route operator's share of the gross money paid into the machine after the location owner has been paid his proportionate share, but before deducting route operating expenses.

On appeal, appellant has argued the following:

1. That the recovery as against the Agent should be limited to $750, representing a partial payment on the promissory note for $2,000, which was given as payment of the broker's commission on a deferred basis;

2. That damages were not shown to have been sustained because there was no positive showing that the business actually took in less than represented;

3. That there was no evidence of Agent's intent to defraud purchasers; and

4. That in the absence of evidence of an assignment by Delmar L. Mahoney, General Partner, to Merrill K. Lyon and Audrey Lyon, Limited Partners, the total judgment should be reduced by deducting $1,500 contributed by Mahoney.

The promissory note for $2,000 executed in favor of appellant Agent after appellant Agent had agreed to accept the payment of its commission on a deferred basis was the only contract entered into by and between appellant Agent and purchasers, and the sum of $750 representing two payments thereon is the entire consideration actually received by appellant Agent.

The complaint sued on is for rescission and cancellation of

certain written contracts, including said promissory note, and is based upon the fact that certain fraudulent misrepresentations were made to purchasers. The pleadings significantly contain no separate cause of action alleging fraud or deceit as a basis for damages against appellant as agent or representative of the nonappealing defendants, or otherwise. In this important respect, the instant case is clearly distinguishable from *Stirnus* v. *Adams,* 50 Cal.App. 730 [195 P. 955], upon which respondent has relied.

■ As is well stated in the case of *Leavens* v. *Sharp,* 66 Cal.App.2d 425, 428 [152 P.2d 460], "An action in rescission presupposes the relation of vendor and vendee and the restoration of both parties to their former position. ■ In the instant case, there was no contractual relation between the respondent vendees and appellant agent. An action for damages based upon the alleged fraud would have been respondents' only recourse against appellant, but by electing to proceed in rescission, their right of recovery under the pleadings herein was limited to the consideration paid for the property. The fact that appellant, as agent for the vendors, handled the deposit and was empowered by them to direct the disposition through escrow of the balance of the purchase money did not render him personally liable."

■ In that no action for damages for fraud was pleaded in the instant case, the trial court was limited to ordering a restoration of the parties to their former situation. The trial court could properly divest the parties of that which had been received and could properly order the return of that which had been paid. However, in this action for rescission and cancellation of the written instruments, the trial court could not properly award a joint and several judgment for damages against the defendants for all monies received by each of them, because the obligations under the various written instruments which were ordered cancelled were several and the amounts paid thereunder were paid and applied in full or in partial satisfaction of specific obligations.

In view of the foregoing, the other contentions of appellant need not be considered.

The judgment as to appellant is reversed.

White, P. J., and Lillie, J., concurred.