[S. F. No. 4034.    In Bank.—May 9, 1907.]

JOHN R. McDONALD, Respondent, v. CALIFORNIA TIM-
BER COMPANY, Appellant, and GEORGE DENT, De-
fendant.

PLACE OF TRIAL—JOINDER OF FICTITIOUS DEFENDANT—REMOVAL TO
    PROPER COUNTY—NOTICE OF MOTION—FRAUD.—The joinder as a
    defendant of a resident of the county in which the action is com-
    menced, against whom the plaintiff has no cause of action, for the
    purpose of defeating the right of the real defendant to have the
    cause removed to the proper county for trial, is a fraud, and will
    not prevent the real defendant, upon a motion properly made there-
    for, from securing a removal of the cause to the proper county.
    Where such a fraud is the ground of the motion for removal it
    should be distinctly specified in the notice of motion, and unless so
    specified the plaintiff at the hearing of the motion need not support
    by specific proofs the allegations of his complaint showing a cause
    of action against the resident defendant.

APPEAL from an order of the Superior Court of Santa
Cruz County denying a motion for a change of the place of
trial.  Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, Jr., for Appellant.

Charles B. Cassin, Benjamin K. Knight, and Cassin &
Lucas, for Respondent.

BEATTY, C. J.—This is an appeal by the corporation de-
fendant from an order of the superior court denying its motion
for a change of the place of trial.  The action is for damages
for personal injuries received at the mill of appellant in
San Mateo County during the course of plaintiff's employ-
ment there, but it was commenced in the county of Santa
Cruz.  The principal place of business of the corporation is
at the city of San Francisco.  As the action was not com-
menced in the county where the liability arose, appellant, if it
had been the sole defendant, would have had the undoubted
right to demand the removal of the cause to San Francisco
for trial.  (Code Civ. Proc., secs. 395, 397; Const., art. XII,
sec. 16; Cohn v. Canadian Pacific Ry. Co., 71 Cal. 488, [12
Pac. 498], and cases cited in note to that case.)  But the cor-

poration was not the sole defendant named in the complaint, and since there was ample evidence to justify the superior court in finding that its co-defendant, Dent, from the time of the alleged injury to the commencement of the action, had been a resident of Santa Cruz County, that fact was a complete answer to the motion of the corporation, based as it was upon the sole ground that the county of Santa Cruz was not the proper county for the trial of the action, unless it had a right to show, and succeeded in showing, as it attempted to do, that the plaintiff, without having any cause of action against Dent, or any reason to believe that he was liable to respond in damages for the injury alleged, had fraudulently named him as a defendant for the mere purpose of defeating the right of the real defendant to demand a change of the place of trial to the county of its legal residence. This, therefore, is the sole question which the case presents.

At the time of its appearance the appellant filed an affidavit of merits and the demand prescribed by section 396 of the Code of Civil Procedure, and gave notice of its intention to move for a change of the place of trial to the city and county of San Francisco. The grounds of the motion specified in the notice were the following:—

"Said motion will be made on the grounds that the place where the principal business of said defendant, California Timber Company, is transacted is situate in said city and county of San Francisco, and that said city and county of San Francisco has been the place where the principal business of said corporation is transacted since the incorporation of said defendant, California Timber Company, on April 14, 1894, continuously from said last-named date to and including the date of the commencement of this action; that the alleged cause of action described and set forth in the complaint in this action arose in the county of San Mateo, in said state of California; that all and singular the liability and obligation, if any, mentioned and set forth in the complaint in this action arose in the county of San Mateo, in said state of California; that said defendant Dent, was, at the time of the commencement of this action, a resident of said county of San Mateo, in the state of California; that neither of said defendants, at the time of the commencement of this action, was a resident of said county of Santa Cruz; and that said county of Santa Cruz is not the

proper county for the trial of said action; that said defendant, California Timber Company, has heretofore demanded, in writing, that the place of trial of said action be changed to the city and county of San Francisco, in said state.''

The affidavit of appellant's manager which was served with the notice contained the following averments: ''That plaintiff at the time of the commencement of this action well knew that he was not in the employ of said Dent on April 24, 1903, and that said Dent was not engaged with said California Timber Company in operating and running, or operating or running the sawmill in said complaint described. That affiant is informed and believes, and upon such information and belief alleges, that said George Dent was made a party herein for the sole purpose and with the object on the part of said plaintiff of attempting to prevent the trial of this action being had in the proper county,'' etc. The affidavit of Dent charges in like direct terms that the plaintiff at the time of commencing the action well knew that he had never been engaged in conjunction with the corporation or at all in operating the mill.

The respondent does not contend that a plaintiff has the right to join a person as defendant against whom he has no cause of action and thereby defeat the right of the real defendant to have the cause removed to the proper county for trial. He admits that such a proceeding would be a fraud, but he doubts whether under our Code of Civil Procedure it is remediable. We do not doubt that a motion based upon that ground is a proper proceeding, and one that ought in a proper case to be sustained, but we think that where a fraud of that character is the ground of the motion it should be distinctly specified in the notice of motion, and unless so specified that the plaintiff cannot at the hearing of the motion be held bound to support by specific proofs the allegations of his complaint showing a cause of action against the resident defendant. In this case the notice of motion distinctly specifies other and independent grounds and entirely fails to specify the particular ground of motion here relied on in support of the appeal.

The order appealed from is therefore affirmed.

Sloss, J., McFarland, J., Henshaw, J., Shaw, J., Lorigan, J., and Angellotti, J., concurred.

Rehearing denied.