JOE TOLAND v. T. E. SUTHERLIN ET AL.

Decided March 14, 1908.

**Venue—Good Faith.**

It is the good faith of an allegation of a cause of action against a resident defendant which authorizes the joinder of a nonresident defendant in a suit, and not the successful sustaining of such allegations upon final trial.

Appeal from the County Court of Shackelford County. Tried below before Hon. I. M. Chism.

*J. C. Randolph,* for appellant.

*Thomas L. Blanton,* for appellee.

SPEER, ASSOCIATE JUSTICE.—T. E. Sutherlin filed this suit in the County Court of Shackelford County against Joe Toland and Webb & Hill to recover upon the following order alleged to have been executed by Toland and accepted by Webb & Hill: "Messrs. Webb & Hill, Albany, Texas. Sirs: You will please pay to Mr. T. E. Sutherlin one-sixth of the commission on the Wood sale as soon as you collect it. Yours very truly, Joe Toland." Defendant Toland answered, pleading his privilege to be sued in Coleman County, the county of his residence, denying generally plaintiff's allegations and pleading specially that the consideration for which said order was given had failed, and furthermore, that he had made full settlement with plaintiff in compromise of his claim. There was a trial before a jury which resulted in favor of the plaintiff Sutherlin against defendant Toland for $333.33, with interest, and in favor of the defendants Webb & Hill. The defendant Toland has appealed.

The trial judge charged the jury in part as follows: "You will first determine whether or not the defendant Joe Toland was properly joined in this suit in Shackelford County, and in this connection you are charged that no person shall be sued out of the county in which he has his domicile except in the following cases: (those applicable to the issues herein being as follows) to wit: (1) When one has a cause of action against two or more defendants residing in different counties, then suit may be brought in any county where any one of the defendants resides. (2) When a person has contracted in writing to perform an obligation in any particular county, then suit may be

brought in such county where said obligation was to have been performed. (3) In all cases of fraud suit may be brought in the county in which such fraud was committed. Applying the above law to the facts of this case, you will then decide whether or not the plaintiff's cause of action against the said defendant Joe Toland, if any he has, comes within any of the above exceptions. Should you decide from the evidence that suit was properly brought against the defendant Joe Toland herein, then you will next determine whether or not the said order at the time it was given to the plaintiff was based upon a valid consideration, and whether or not the consideration for same thereafter failed, and in case you should determine from the evidence that said order was the evidence of a *bona fide* debt due the plaintiff by the defendant, Joe Toland, then you will next consider whether or not the defendants Webb & Hill had any notice of the said order, or accepted the same either verbally or in writing before they paid the subsequent order to said Hassard. And in this connection you are charged that should you find from the evidence that said Webb & Hill never in fact accepted said order by verbally promising to pay the same upon collection of said commission, and never in fact had any notice or knowledge of said plaintiff's order prior to their payment of the subsequent order to said Hassard, the said Webb & Hill would not be liable to plaintiff, but plaintiff would in such case be entitled to a verdict against defendant Joe Toland for one-sixth of the commission collected by the said Webb & Hill from Wood Brothers, and you would in such case find your verdict in favor of said Webb & Hill, and further find in plaintiff's favor against said defendant Joe Toland for said one-sixth of said commission."

To this charge it is objected that it submitted to the jury issues not raised by the evidence in that it authorized a finding against appellant's plea of privilege if his obligation in writing was performable in Shackelford County, or the transaction had its inception in fraud. We might sustain the assignments raising this question if the same was a material issue, but it is not, since the undisputed facts show that appellant was properly sued in Shackelford County along with his co-defendants Webb & Hill, whose residence was in that county and who, under the allegations, were certainly proper parties to the suit. There is not a word of evidence indicating that they were fraudulently made parties for the purpose of conferring jurisdiction over appellant. Appellant insists that since the finding of the jury was in favor of his co-defendants Webb & Hill, thus denying their legal liability, he was entitled to a favorable finding on his plea of privilege as of course, but such is by no means the case. Atchison, Topeka & Santa Fe Ry. Co. v. Williams, 38 Texas Civ. App., 405. It is the good faith allegation of a cause of action against the resident defendant which authorizes the joinder of the nonresident defendant, and not the successful supporting of those allegations upon final trial.

It is also objected to this charge that it ignored appellant's plea of privilege, and in fact all of his defenses. From our holding above it will be seen that there was no reversible error in ignoring appellant's plea of privilege, but we cannot say so much in extenuation as to his other defenses; certainly not as to that of accord and satisfaction.

As to this, we think it quite clear that the charge is open to the objection made, appellant having offered evidence in support of this defense.

In the succeeding paragraph of the charge the court commits the same error in defining the liability of Webb & Hill and in authorizing a verdict in their favor over against appellant in the event of a finding against them in appellee's favor, but this is harmless since the jury found in favor of Webb & Hill as against the appellee.

More than once the trial court instructed the jury in effect that they could not find against appellant unless they also found a verdict against Webb & Hill, and appellant now complains that the verdict rendered is contrary to the charge (which it undoubtedly is) and a new trial should have been granted him for this reason. This is only a further presentation of appellant's theory that he was entitled to a verdict on his plea of privilege in the event of a finding against the joint liability of Webb & Hill.

We think the testimony complained of in appellant's twenty-fourth, twenty-fifth and twenty-eighth assignments was immaterial and improperly admitted, but it probably was not of such character as to require a reversal of the case if there were no other errors in the record.

What we have said sufficiently disposes of every issue raised. The judgment of the County Court is reversed and the cause remanded for another trial.

## ON REHEARING.

An examination of the opinion filed on the original hearing of this cause will disclose that the judgment was reversed because the court's charge ignored appellant's defense of accord and satisfaction. In this holding we think we were in error, since the court gave at appellant's request the following charge presenting that defense: "You are instructed that if you believe from the evidence that since the execution of the order described in the plaintiff's petition the defendant Toland and his partnership firm and plaintiff had a settlement of all sums due from each to the other, and that in full discharge of all sums due from the defendant Toland and defendant Toland's partnership firm to plaintiff the said Toland for himself and his partner paid the plaintiff the sum of two hundred and ninety dollars, as alleged in subdivisions nine and ten of defendant Toland's answer, then you will find a verdict in favor of defendant Toland." The Court's charge, including the special charges given, should be read and construed as a whole, and when thus considered the jury could hardly have concluded that they were authorized to ignore this defense. Chicago, R. I. & P. Ry. Co. v. Burns, 19 Texas Ct. Rep., 775; s. c. 101 Texas, 329.

The motion for rehearing is therefore granted, and having ruled against appellant on his other assignments of error on the original hearing, we now affirm the judgment.

*Affirmed.*

Connor, Chief Justice, not sitting.