[Civ. No. 4245. First Appellate District, Division Two.—August 12, 1922.]

THE LACHMAN COMPANY (a Corporation), Respondent, v. CENTRAL CALIFORNIA BERRY GROWERS' ASSOCIATION (a Corporation), et al., Defendants; T. UNO, Appellant.

[1] PLACE OF TRIAL — BREACH OF CONTRACT — ACTION FOR DAMAGES— PARTIES—QUESTION OF LAW—APPEAL.—On a motion by an individual defendant to change the place of trial of an action for damages for the alleged breach of a written contract to deliver certain strawberries, the question as to whether or not such contract was entered into between plaintiff and said individual defendant, or whether the growers' association which was made a party defendant was also a party thereto, so as to give rise to a cause of action against it because of the breach, is a question of law, and not one of fact, and the appellate court is not concluded by implied findings of the trial court based upon its denial of the motion.

[2] ID.—IMPROPER JOINDER OF GROWERS' ASSOCIATION AS DEFENDANT— RIGHT TO CHANGE OF VENUE.—In an action against an individual and against a growers' association to recover damages for the alleged breach of a written contract to deliver certain strawberries, if said growers' association was not a party to the contract, so as to give rise to a cause of action against it because of the breach, said association is not a necessary party to the action and its joinder as a defendant cannot defeat the right of the individual defendant to have the action tried in the county of his residence.

[3] ID.—EXISTENCE OF CAUSE OF ACTION—DETERMINATION ON MOTION. The fact that a complaint on its face states a cause of action both against an individual and against a growers' association is not conclusive, but said individual, on a motion to have the place of trial of the action changed to the county of his residence, may show that the cause of action stated against said growers' association does not in reality exist.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for change of place of trial. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

S. W. Molkenbuhr and Thos. W. Firby for Appellant.

Philip S. Ehrlich for Respondent.

LANGDON, P. J.—This is an appeal from an order denying the motion of the defendant T. Uno to change the place of trial of the action from the city and county of San Francisco to San Benito County, the residence of said defendant.

The action is a personal one, being an action to recover damages for alleged breach of a contract to deliver certain quantities of strawberries. Defendant Uno appeared and filed a demurrer to plaintiff's complaint and at the same time filed an affidavit of merits and made his motion for a change of the place of trial. Said motion was based upon the ground of the residence of said Uno in San Benito County, and upon the further ground that the Central California Berry Growers' Association was not a proper defendant in the action; that plaintiff corporation has no cause of action against said Central California Berry Growers' Association, a corporation, arising out of the subject matter of said action, or the contracts referred to in the amended complaint, and that no judgment can be entered against said Central California Berry Growers' Association, due to any alleged breach of said contracts; that said Central California Berry Growers' Association was made a party defendant herein for the sole purpose of defeating the right of the real defendant, to wit, T. Uno, to have the action tried in the county of his residence.

The amended complaint alleges that on or about the eleventh and twenty-ninth days of March, 1919, at San Francisco, ''plaintiff above named and defendants above named made and entered into a contract in writing under the terms of which said defendants agreed to sell and deliver to plaintiff, and said plaintiff agreed to buy from defendants'' 400 and 250 chests of strawberries, respectively. The written contracts were not set forth in said amended complaint. In his affidavit filed in connection with his motion, defendant Uno denied all the material allegations of the amended complaint and specifically denied that the plaintiff had entered into any written contracts with the Central California Berry Growers' Association and defendant Uno, and said defendant Uno annexed to said affidavit copies of the contracts which were in fact actually made and entered into between the Lachman Company (the buyer) and T. Uno (the seller). No counter-affidavits were filed by respondent and it therefore appears uncontradicted in the record that the only written contracts entered into were those set forth in appellant's affidavit. Indeed, plaintiff and respondent, in its brief, states, in regard to this matter: ''Plaintiff does not deny that the contracts referred to in the foregoing statement by appellant were the only contracts entered into by the parties. However, respondent does not agree that appellant's contention that the contracts set forth show that the corporation defendant was not a necessary party to the action.''

The contracts set forth in the affidavit are identical except for differences in dates and in the number of chests of berries covered thereby. One of them reads as follows:

''Central California Berry Growers' Association.
''Members' Sale Contract.

''The Lachman Co., hereinafter called the Buyer, agrees to purchase and accept from T. Uno, hereinafter called the seller, and the Seller agrees to sell and deliver to the Buyer, 250 chests of strawberries, containing an average net weight of eighty pounds and the Buyer agrees to purchase from the Seller an additional number of chests of none berries, not to exceed none chests as the Seller may elect to deliver.

''Both parties agree that:

"(a) Deliveries hereunder shall be made between the date of May 15, 1919 and Sept. 15, 1919.

"(b) Deliveries shall be in quantities of not less than five chests, nor more than twenty chests per day.

"(c) Said berries shall be field run, reasonably ripe, and of a quality suitable for canning, preserving and packing purposes.

"(d) The berries need not be packed in baskets, but may be delivered loose in the slides or crates as may be prescribed by Central California Berry Growers' Association.

"(e) Said berries shall be delivered and accepted at Betabel Station, Calif., and no deductions in weight on account of quality or variety shall be made by the Buyer without first notifying the Seller or the manager or assistant of the Central California Berry Growers' Association.

"(f) The purchase price of said berries shall be 11 cents per pound net, and the Buyer to pay all transportation charges.

"(g) An association fee of 8 cents per chest of berries delivered hereunto shall be retained from the Seller's returns, and paid to Central California Berry Growers' Association by the Buyer.

"The Buyer Agrees to:

"(a) To make daily reports to the Seller or to the Seller's agent as to weights, specifying gross, net and tare.

"(b) Each and every Wednesday to make settlement in full to Central California Berry Growers' Association for all berries delivered hereunder the preceding week.

"(c) That no berries delivered under this agreement shall be sold as fresh fruit but that all of said berries must be used for canning, preserving or packing purposes.

"(d) To empty all containers as soon as possible and to return the same to the owners thereof, through channels by which same have been delivered, freight charges prepaid. For every such container not returned within five days after final delivery thereunder the Buyer agrees to pay the Seller $2.50.

"This contract shall be void in case of fires, strikes, accidents or other causes beyond the control of either party, and is subject to approval for the Seller by the Central California Berry Growers' Association, and for the Buyer by his general office.

"Read, considered and signed at Betabel, California, this 29th day of March, 1919.

"THE LACHMAN CO.
"T. UNO, Seller.

"Approved: THE LACHMAN COMPANY,
"By CHARLES LACHMAN.

"CENTRAL CALIFORNIA BERRY GROWERS' ASSN.
"By H. M. WIT, Manager."

[1] Respondent's position in support of the ruling of the trial court is that as the amended complaint alleged that the contracts were entered into between plaintiff and both defendants, and the trial court, in denying the motion of appellant, has impliedly so found, that matter may not be examined into by this court upon appeal. But the error of respondent is in treating such a determination by the trial court as a determination of fact, when in reality it is a question of law. It being admitted by plaintiff that its cause of action against either or both of the defendants grew out of the contract which we have herein set forth and another contract of similar legal import, the question of whether or not such contracts bound the defendant, Central California Berry Growers' Association, and could give rise to a cause of action against it, was purely one of law, in the determination of which, we think the trial court erred. It is clear that this contract creates no obligation on the part of Central California Berry Growers' Association in favor of the plaintiff and no judgment could be rendered against said association because of the failure of Uno, the seller, to comply with his contract and deliver the strawberries to the plaintiff.

[2] Under such circumstances, the Central California Berry Growers' Association is not a necessary party to the action and its joinder as a defendant cannot defeat appellant's right to have the action tried in the county of his residence. (Sec. 395, Code Civ. Proc.; *McDonald* v. *California Timber Co.*, 151 Cal. 159 [90 Pac. 548]; *Sayward* v. *Houghton*, 82 Cal. 628, 630 [23 Pac. 120].)

[3] The mere fact that a complaint states a cause of action is not conclusive. It may be shown that the cause of action stated does not in reality exist. (*Karst* v. *Seller*, 45 Cal. App. 623 [188 Pac. 298, 300].)

The order appealed from is reversed, with directions to the trial court to grant the motion of defendant Uno to change the place of trial to the county of his residence.

Nourse, J., and Sturtevant, J., concurred.