[Civ. No. 3150. Third Appellate District.—January 14, 1928.]

S. F. HERINGER et al., Appellants, v. A. G. SCHUMACHER et al., Respondents.

Thomas B. Leeper for Appellants.

Hadsell, Sweet & Ingalls and Downey, Downey & Seymour for Respondents.

PLUMMER, J.—This cause is before us upon an appeal by the plaintiffs from an order transferring the place of trial from the county of Sacramento to the city and county of San Francisco. The complaint alleges that the defendants agreed to purchase a certain quantity of beans from the plaintiffs. The title of the action purports to sue the defendants not only as individuals but as doing business under the firm name of Richard J. Murphy. The complaint, however, contains no allegation of the defendants conducting business under that name. The affidavits upon which the place of trial was ordered transferred from the county of Sacramento to the city and county of San Francisco show that the defendant Schumacher was at all times a resident of the county of Sacramento, and that the defendant Murphy was at all times a resident of the city and county of San Francisco. The complaint simply alleges that the defendants agreed to purchase a certain quantity of beans. The affidavits submitted to the trial court upon the motion of the defendants set forth the contract relative to the purchase of the beans in question, which contract is in the words and figures following, to wit:

"Recleaned Bean Contract

Seller        (Executed in triplicate)        No. ——.

Clarksburg, Cal. May 29, 1925.—

In consideration of the price herein specified, it is hereby acknowledged by the seller Heringer Brothers that he has this day sold, and that A. C. Schumacher has this day bought for account of Richard J. Murphy, San Francisco, Cal., the beans described as follows:

Per 100 lbs. Net Weight

2400 Sacks each of 100 lbs. net choice

recleaned Pink Beans at $6.00

The first beans threshed on the ranch.

Same to be delivered on or before the —— day of ————, 1925, in new regulation bean bags of even weight. Weight and beans to be in accordance with standards set by California Bean Dealers Association of California for the cur-

rent season. Weight to be guaranteed by seller at time of shipment. Delivery to be made f. o. b. Sacramento, Cal.

Signed—HERINGER BROS.

By S. F. HERINGER, Seller.

For account of Richard J. Murphy

Buyer

By A. C. SCHUMACHER,

Agent as Authorized.''

The affidavits submitted on the motion for change of place of trial contained all the preliminary matters required to be set forth in such affidavits, and then further state that the defendant A. C. Schumacher was improperly joined as a defendant, and was made a defendant solely for the purpose of having the action tried in the county of Sacramento, where said Schumacher was a resident, which fact, if determined in favor of the moving parties as provided for in section 395 of the Code of Civil Procedure, would entitle the defendant Richard J. Murphy to the order appealed from in this action. ■ While the complaint upon its face apparently states a good cause of action, as against both the defendants as individuals, the law is well settled that upon a motion to change the place of trial, where the question as to whether a defendant has been joined improperly for the purpose of having the cause tried in a particular county, the court has a right to look behind the complaint and see if any defendant has been improperly joined for the purpose of retaining the action in the county where the suit is begun. (*Karst* v. *Seller*, 45 Cal. App. 623 [188 Pac. 298]; *Sourbis* v. *Rhoads*, 50 Cal. App. 98 [194 Pac. 521]; *Lachman* v. *Berry Growers' Assn.*, 58 Cal. App. 748; *McDonald* v. *California Timber Co.*, 151 Cal. 159 [90 Pac. 548].) ■ Only one question is really before us for consideration and that is whether the contract which is in truth and in fact the basis of this action is the contract of Richard J. Murphy or the contract of Richard J. Murphy and A. C. Schumacher. This involves an interpretation of the contract. It will first be observed that the principal, Richard J. Murphy, is disclosed by the person who purports to act as his agent. The only portion of the contract which gives any possible color to the argument that it is the contract of Schumacher as well as of Murphy is

contained in these words: "and that A. C. Schumacher has this day bought for account of Richard J. Murphy, San Francisco, California." The contract is signed by Richard J. Murphy as buyer, and designates Murphy as the buyer, signed, however, by Schumacher as his agent. In 2 C. J., page 812, section 486, we find the following: "Where an agent acts on behalf of a disclosed principal, his acts and contracts, within the scope of his authority, are generally considered as the acts and contracts of the principal, and in the absence of an agreement otherwise, involve no personal liability, on the part of the agent, to a third person, except in an action for tort." And, further, in section 487 of the same work: "Whether the agent of a disclosed principal binds himself depends upon the intention of the parties, which must be gathered from the facts and circumstances of each particular case. The presumption in such case is that it was the agent's intention to bind his principal and not to incur a personal liability; and ordinarily the agent will not be personally bound except upon clear and explicit evidence of an intention to substitute or superadd his personal liability for or to that of the principal. . . . But it is the disclosed intention which governs, not any intention hidden in the mind of the agent, and accordingly the agent may render himself personally liable, although this is contrary to his actual intention if he has in fact bound himself according to the terms of the contract," etc. While the descriptive words in the beginning of the contract referred to the defendant Schumacher as having bought for account of defendant Murphy, the contract in question is not so signed as to import that Schumacher intended to bind himself as a copurchaser with Murphy. No one but Murphy signs the contract as buyer, and if Murphy is not bound by the contract as buyer, it would seem that there is no signature to the contract binding anyone as purchaser of the beans. The descriptive words which we have referred to in the contract show that the beans were intended for the defendant Murphy, were bought for his account, and this is followed up by the signature of the defendant Murphy, to the contract as buyer. In 1 Cal. Jur., page 823, section 106, appears a statement of the rules of law pertaining to this case: "To exclude the per-

sonal liability of the agent it is not always necessary that the name of the principal shall be signed with the statement following 'by the' agent, although this is no doubt the best form. It is sufficient if an intention to bind the principal, however informally expressed, appears upon the face of the instrument. While mere words *descriptio personae* do not relieve the signer from liability, it seems that the addition of such words is significant in connection with other facts. Thus, a note stating that it was executed 'for and on behalf of' a mining company binds the company, although signed by an individual, 'Superintendent of Company,' a bill of exchange, headed with the name of the principal and to be charged to that office binds the principal only, although signed by the agent in his own name, as agent, and a note signed by one individual, 'Pres't. Pac. Peat Coal Co.,' and by another individual, 'Sec. *pro tem.*,' binds the company. Obviously a note signed first in the name of a company and then by the name of an individual, 'agent,' binds the company only." The text from which we have quoted appears to be amply supported by the authorities cited.

In the case of *Hobson* v. *Hassett*, 76 Cal. 203 [9 Am. St. Rep. 193, 18 Pac. 320], where a similar question was being considered, the court quotes from Story on Promissory Notes as follows: "When upon the face of the instrument the agent signs his own name only, without referring to any principal, he will be held personally bound, although he is known to be, or avowedly acts as agent. But if it can, upon the whole instrument, be collected that the true object and intent of it are to bind the principal and not to bind the agent, courts of justice will adopt that construction of it, however informally it may be expressed." And further quotes from Parsons on Notes: "And one who puts his name on negotiable paper will be liable personally, as we have seen, although he acts as agent, unless he says so, and says also who his principal is; that is, unless he uses some expression equivalent, to use Lord Ellenborough's language, to, 'I am the mere scribe.'" In the contract under consideration the person for whose account the beans are purchased is stated in unequivocable language, or to express it in a different form, the principal for which the agent

is acting is immediately stated before any of the particulars relating to the merchandise to be bought or the price therefor is stated, and immediately following the terms and conditions of the contract, the name of the buyer is signed as the one executing the contract. In support of what we have stated, we may further cite *Hall* v. *Crandall*, 29 Cal. 568 [89 Am. Dec. 64]; *Williams* v. *Harris*, 198 Ill. 501 [64 N. E. 988].

Further citation of authorities seems to us unnecessary. Nor do we think it necessary to take up and consider cases which hold that parol testimony may be introduced to fix liability upon an undisclosed principal, as the wording of the contract with which we have to do in this case shows who the party to be charged is, and he is the buyer of the beans. Such being the case, it is also unnecessary to take up, consider, and distinguish cases where the wording of the contract leaves it uncertain as to who the party is who is to be charged.

It satisfactorily appearing to us from the record in this case that the place of trial of this action was properly transferred from the county of Sacramento to the city and county of San Francisco, the order of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.