[Civ. No. 7247. First Appellate District, Division Two.—April 19, 1930.]

SHEILA COEN, Respondent, v. STANLEY WATSON, Appellant.

Brobeck, Phleger & Harrison, James S. Moore, Jr., and Kenneth Ferguson for Appellant.

Vincent W. Hallinan, Henry D. Egan and W. Earl Shafer for Respondent.

STURTEVANT, J.—This is an appeal from an order refusing to grant a motion to change the place of trial from the city and county of San Francisco to Mendocino County. The plaintiff's husband, William F. Coen, and Paul B. Falk were traveling in an automobile in a southerly direction from Healdsburg toward San Francisco. Stanley Watson was traveling in a Buick automobile along the same road northerly from San Francisco to Healdsburg. At a point about three miles south of Healdsburg the automobiles collided. Plaintiff's husband and Falk were both killed. In her complaint the plaintiff sued Watson and Anita Falk and First Doe, Second Doe and Third Doe. Among other things she alleged "that on the third day of September, 1928, defendant Anita Falk was the owner of a certain Ford automobile which was on said day being driven by one Paul B. Falk, who was then and there the agent of said Anita Falk and acting within the scope of his employment by her; and that said Anita Falk is a resident of the City

and County of San Francisco, State of California." The defendant Anita Falk has never been served. The defendant Stanley Watson appeared and answered and filed the formal papers asking for a change of venue. When the motion for a change of venue came on for hearing the defendant offered in support of his motion the plaintiff's complaint, Watson's answer, his demand for change of venue, his notice of motion for change of venue, his affidavit of merits, the deposition of Anita Falk and the deposition of plaintiff. The plaintiff offered in opposition to the motion her complaint. From the foregoing papers the following facts appear and are not contradicted: At the time of the accident plaintiff and William F. Coen were husband and wife residing in San Francisco. The husband was a special policeman. Prior to the accident Anita Falk and Paul B. Falk had been husband and wife, but she had applied for a divorce and had obtained an interlocutory decree eight months prior to the accident. Paul B. Falk was by occupation a truck driver for the Acme Ice Cream Company in San Francisco. From the time Mrs. Falk applied for a divorce she had had no business relations whatever with her husband. Mrs. Falk never owned a Ford car nor any other kind of an automobile. Whether business or pleasure had taken Mr. Falk and Mr. Coen from San Francisco to Healdsburg does not appear. Mr. Coen was the owner of a Ford car at the time of his death and afterward the plaintiff made no inquiry to ascertain where that Ford car was. At the time of the accident Mrs. Falk was at Healdsburg on a visit. She knew nothing of the trip being made by Mr. Falk and Mr. Coen until the morning after the accident. At the time of the accident Mrs. Coen was in San Francisco and of her own knowledge knew nothing of the facts concerning the accident. When her complaint was framed she had not communicated with any witness or witnesses and knew nothing of the facts concerning the accident. The defendant Stanley Watson is and was at all times a resident of Mendocino County. From the foregoing it clearly appears that Anita Falk was improperly joined as a defendant and that she was made a defendant solely for the purpose of having the action tried in the city and county of San Francisco, where she resides. Under these circumstances her residence should not have

300

been considered in determining which is the proper county for the trial of the above-entitled action. (Code Civ. Proc., sec. 395.)

The allegations of agency contained in the plaintiff's complaint were but conclusions of law. They did not create any conflict as to the facts hereinabove recited. (*Petrich* v. *Francis*, 83 Cal. App. 72 [256 Pac. 444]; 1 Cal. Jur. 669, 670.) There was not, therefore, any evidence in opposition to the motion and it should have been granted.

The order denying the motion is reversed.

Nourse, P. J., and Spence, J., concurred.