[Civ. No. 7168. First Appellate District, Division One.—June 15, 1931.]

PACIFIC COAST AUTOMOBILE ASSOCIATION (a Corporation), Respondent, v. A. AHLF, Appellant.

Edson Abel for Appellant.

Albert T. Roche for Respondent.

TYLER, P. J.—Appeal from an order refusing to change place of trial.

The action was commenced in the city and county of San Francisco. Thereafter application for change of venue was made on the ground that none of the proper defendants in the action were residents of such city and county; that plaintiff had no actual cause of action against certain parties nominally named defendants and such defendants were joined for the fraudulent purpose of depriving the real defendants of their right to have said action tried in the place of their residence.

The action was one for libel based upon three different writings each containing references to the plaintiff corporation to which exception is taken. It is alleged that two of these writings were written by defendants Deuel and Barnard. The defendant California Farm Bureau Federation is named as their employer. The participation of other defendants in the publication of the alleged libel is made on information and belief. Appellant herein, one of the defendants, made his appearance by filing a demurrer, a demand for a change in the place of trial, together with supporting affidavits. After a hearing the motion was denied. The court below did not indicate on what grounds it denied the motion but it is conceded that it could only have done so on one or all of the following three findings, to wit: 1. The principal place of business of the California Farm Bureau Federation was at the time of the commencement of the action in the city and county of San Francisco. 2. The plaintiff properly and in good faith joined L. S. Wing, a resident of the city and county of San Francisco, as a defendant. 3. The plaintiff properly and in good faith joined Edson Abel, a resident of the last-named city and county, as a defendant. The complaint, on information and belief, alleged the principal place of business of the defendant California Farm Bureau Federation to be in such city and county and likewise on information and belief alleged participation in the acts complained of by defendants Wing and Abel.

It is the contention of appellant that there was no evidence or proof before the trial court as presented by the complaint and affidavits in support of the motion for change of venue to justify the conclusion as to whether or

not the California Farm Bureau Federation and the defendants Wing and Abel were residents of the city and county of San Francisco. The further claim is urged that the complaint does not show the possibility of a cause of action against certain resident defendants, for which reason the motion should have been granted.

We see no merit in either contention. ▉ The evidence at the hearing as to residence was conflicting. Under such circumstances we are bound by the conclusion of the trial court. ▉ The question of the residence of a defendant moving for change of venue is always to be determined primarily by the court in which the action is instituted and to which the motion is addressed and the finding of that court upon such question of fact will not be disturbed on appeal where there is a conflict in the evidence. (*Bradley* v. *Davis*, 156 Cal. 267 [104 Pac. 302]; *McClung* v. *Watt*, 190 Cal. 155 [211 Pac. 17].) ▉ We are of the further opinion that there was sufficient evidence before the court to show that certain of the defendants were not joined in bad faith and for the spurious purpose of depriving other defendants of their right to have the action tried in the place of their residence. In this connection counsel for appellant has favored us with an extensive discussion upon the question of joinder of parties in actions of libel and slander in an effort to prove that certain of the defendants are not liable for the alleged libel and being improperly joined their place of residence was immaterial and could have no controlling force in determining the question of venue. ▉ In this particular it is sufficient to say that it is a well-established rule that upon a hearing of a motion to change the place of trial it is not proper to go into the merits of the action. (*Mitchell* v. *Kim*, 42 Cal. App. 111 [183 Pac. 368].) While this rule does not extend to the point of precluding a showing by affidavit or otherwise that a plaintiff has actually no cause of action against one of the parties who was made nominally a defendant and was joined for the fraudulent purpose of depriving a real defendant of his right to have the action tried in the place of his residence, where, as here, there is a direct conflict in the evidence, the conclusion of the trial court cannot be disturbed. (*McKenzie* v. *Barling*, 101 Cal. 459 [36 Pac. 8]; *Bradley* v. *Davis*,

*supra; Richmond Terminal Corp.* v. *Parr Terminal Co.,* 96 Cal. App. 152 [273 Pac. 845].) It is enough upon the hearing and determination of the demand for change of venue, that the cause of action purported to be stated is apparently pleaded in good faith, and is not, *prima facie,* so glaringly and vitally defective as to be beyond correction. (*McClung* v. *Watt, supra.*)

And finally, it is urged that the lower court had no valid evidence before it justifying it in denying the motion. In support of this claim it is argued that, as all of the plaintiff's defense to the motion was in the form of allegations on information and belief, no sufficient showing was made in opposition to the motion. The record does not support this contention, but, assuming it to be true, an averment upon information and belief upon the question of residence of a party is a sufficient averment of fact, such question being largely dependent upon the intent of the person whose residence is the subject of the inquiry. (*Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515 [274 Pac. 977].)

For the reasons given the order is affirmed.

Knight, J., and Cashin, J., concurred.