[Civ. No. 11571. First Dist., Div. Two. Oct. 9, 1941.]

MARVIN DENNA et al., Appellants, v. RED RIVER LUMBER COMPANY (a Corporation) et al., Respondents.

Gladstein, Grossman, Margolis & Sawyer and George Olshausen for Appellants.

Earl Warren, Attorney General, John J. Dailey, Deputy Attorney General, Arthur J. Anderson, District Attorney (Lassen), J. A. Pardee, Hardin Barry, J. Paul St. Sure, Edward H. Moore and Bartley C. Crum for Respondents.

STURTEVANT, J.—The plaintiffs have appealed from an order transferring the above entitled action from the Superior Court of San Francisco to the Superior Court of the County of Lassen. The complaint contains 72 counts. There were 72 plaintiffs and 504 defendants. Two of the latter were corporations. Another was Olin S. Johnson, sheriff of Lassen County. Thirteen others were deputies of the sheriff. Each count, among others, contains the following allegations:

"V.

"That plaintiff is informed and believes and therefore alleges that on or about July 12th, 1938, defendants and each of them agreed and conspired with one another to drive plaintiffs and each of them by force and violence from their respective homes, from the Town of Westwood, and from Lassen County.

"VI.

"That on or about July 13th, the individual defendants and each of them, together with other persons unknown to plaintiffs, assembled together to form a mob in the said Town of Westwood; that defendant Red River Lumber Company (a corporation) gave pickhandles to said individual defendants and also gave said individual defendants the use of its

trucks and high pressure fire hoses, and hydrants; that at said time, many members of said mob were also armed with rifles; that defendant Red River Lumber Company, at said time, directed said other defendants, who were then armed with said rifles, pickhandles and high pressure fire hoses, then and there to drive plaintiffs by force and violence from their respective homes, from the Town of Westwood and from the County of Lassen.

"VII.

"That defendants, who were at all times in this paragraph mentioned, assembled together and armed, as stated in Paragraph VI, displayed their said weapons to plaintiffs, and each of them, turned the said high pressure fire hoses on plaintiffs, seized plaintiffs, put them in said trucks, and ordered all plaintiffs to leave said Town of Westwood and said County of Lassen within two hours, telling plaintiffs, and each of them, that if they did not do so within two hours, they would machine gun plaintiffs, and each of them."

The defendants' motion to change the place of trial was based on their claim that they resided in the county of Lassen and that the action should be tried there. (Code Civ. Proc., sec. 395.)

The parties introduced both written and oral evidence. After hearing all of the parties the trial court signed and filed a written order which contained among others the following recitals which the parties treat as findings:

"1. That at the time of the commencement of this action the said moving defendants and each of them with the exception of defendants Willis J. Walker, Brooks Walker and Clinton L. Walker were, ever since have been and now are, residents of the County of Lassen, State of California.

"2. That at the time of the commencement of this action said defendant Willis J. Walker was, ever since has been and now is, a resident of the County of Hennepin, State of Minnesota.

"3. That at the time of the commencement of this action said defendants Brooks Walker, Clinton L. Walker, and each of them were, ever since have been and now are, residents of the County of Alameda, State of California.

"4. That at the time of the commencement of this action none of the defendants named therein was a resident of the

City and County of San Francisco, State of California, save and except the defendant Redwood Company, Inc., a corporation.

"5. That such defendant Redwood Company, Inc., a corporation was improperly joined herein as a defendant and has been made a defendant herein solely for the purpose of having this action tried in the City and County of San Francisco, State of California."

 The plaintiffs assert that the findings are not supported by the evidence. However an examination of the record discloses that the most that can be said is, that as to some defendants who were sued as natural persons, the evidence was conflicting. But such fact was addressed to the trier of the facts and not to a court of review. That rule applies to documentary evidence as well as to oral evidence. (2 Cal. Jur. 932, "Appeal and Error", sec. 547.)

 The assertion just mentioned is stressed as to the Redwood Company, Inc. There was direct evidence Redwood Company, Inc., was defunct, that after 1935 it did no business, and that it did not in any manner participate in the incident alleged in the complaint. Moreover the defendants called as a witness Mr. George Olshausen, one of the attorneys for the plaintiffs. He testified that a questionnaire was prepared and copies were sent to many of the plaintiffs. In the replies some plaintiffs mentioned a redwood company. The witness prepared the complaints. Through an abundance of precaution he attempted to identify such redwood company. On examining some books in San Francisco he found the name Redwood Company, Inc. He concluded it was the company referred to in the replies above mentioned and, acting on that conclusion, he made Redwood Company, Inc., a party defendant. He was not entitled to do so and his reasons were not sufficient to defeat the claim of the defendants that Redwood Company, Inc., was improperly named as a defendant. (*San Francisco M. Co.* v. *Mordecai,* 134 Cal. App. 755, 760 [26 Pac. (2d) 669].)

It follows that the findings are sustained by the evidence. It also follows that the trial court did not err in holding that no one of the defendants was a resident of San Francisco and that the action should be transferred from San

Francisco to Lassen County for trial. (*Smith* v. *Smith,* 30 Cal. App. (2d) 70 [85 Pac. (2d) 473].)

The order appealed from is affirmed.

Nourse, P. J., and Dooling, J., *pro tem.,* concurred.

A petition for a rehearing was denied November 8, 1941, and appellants' petition for a hearing by the Supreme Court was denied December 1, 1941.