[Civ. No. 12385.   First Dist., Div. Two.   Dec. 9, 1943.]

CALIFORNIA COLLECTION AGENCY, INC. (a Corporation), Appellant, v. FRANK FONTANA et al., Respondents.

Aaron M. Sargent and John Langer for Appellant.

R. L. Gianelli for Respondents.

SPENCE, J.—Plaintiff, as the assignee of the trustee in bankruptcy of Escalon Winery, Inc., sued eight defendants, who had been the officers and directors of the corporation, seeking the recovery of funds of the corporation alleged to have been wrongfully applied by said defendants to the payment of their individual liabilities. The complaint was filed in the Superior Court in San Francisco. Three defendants, who resided in Stanislaus County, filed a notice of motion for change of venue to Stanislaus County. Numerous affidavits were filed in support of and in opposition to said motion. The trial court entered its order granting said motion and plaintiff appeals from said order.

It is conceded that only one of the eight defendants, namely Marino Lima, resided in the city and county of San Francisco; that the three moving defendants resided in Stanislaus County; and that of the remaining defendants, one resided in Sacramento County and three resided in San Joaquin County. It seems to be further conceded that the complaint alleged sufficient facts to state a cause of action against all defendants, including the resident defendant. The contention made by the moving defendants upon the hearing of the motion was that the resident defendant Marino Lima, had been "improperly joined as a defendant, or had been made a defendant solely for the purpose of having the action tried in" the city and county of San Francisco so that the residence of said resident defendant should not be considered in determining the proper place for the trial of the action. (Code Civ. Proc., sec. 395.)

Certain facts were undisputed upon the hearing of the motion, said facts appearing from the uncontradicted allegations of the verified complaint and uncontradicted allegations found in the affidavits offered by plaintiff and the uncontradicted allegations found in the affidavits offered by defendants. A partnership formerly conducted a winery prior to the incorporation of Escalon Winery, Inc. Upon the incorporation, stock was issued to the partners under a permit

from the Division of Corporations in exchange for the partnership assets, the amount of which stock was determined by an appraisal of the net value of the partnership assets. In submitting the statement for the purpose of the appraisal, the partners had failed to list a liability of the partnership in the sum of $17,185.04 for taxes owed to the federal government upon the fortification of certain wines. The stock was issued and the partners became directors of the corporation. Thereafter the directors of the corporation caused said taxes to be paid from the funds of the corporation and certain entries were made in the corporation journal and ledger. In the journal appeared entries purporting to list proportionate charges against each of the former partners for these expenditures. The following notation appeared in the journal immediately under these charges:

"At the time the corporation took over the assets and liabilities of the partnership, there was a liability of $17,-185.04 for fortifying tax on the 1935 production of wine which had been produced by the partnership.

"This liability was not known until after the stock had been issued to the respective partners in exchange for their net worth.

"The journal entry is made for the purpose of charging the tax back to the respective partners in proportion to their interest in the partnership, as this tax would reduce the net profit of the partnership which has been credited to the partners."

Similar entries purporting to cover proportionate charges against each of the former partners were made in the ledger under "Stockholders Accounts Receivable." In both the journal and ledger, Marino Lima, the resident defendant, was charged as a partner with two per cent of the total tax expenditure or $343.70.

The complaint was drawn in four counts. The first count charged that all defendants had been partners and that after the incorporation, all defendants became officers and directors of the corporation. It further charged that the defendants, while acting as such directors, conspired to appropriate and did appropriate the corporation funds to pay their individual liability for said taxes thereby becoming jointly and severally liable to the corporation for the funds so appropriated. The second count charged defendants with a joint and several liability upon a common count for money paid by the corporation for the use and benefit of defendants. The

third count charged defendants with a joint and several liability upon an open and current book account. And the fourth count, charged that when the Commissioner of Corporations threatened to cancel the permit and rescind the issuance of the stock to defendants, defendants expressly agreed, for the purpose of avoiding such action, to pay to the corporation amounts equal to those charged against them in the journal and ledger of the corporation.

The affidavits offered by defendants in support of the motion for change of venue were all directed to the claim that Marino Lima, the resident defendant, had not been a partner of the remaining defendants. The affidavit of defendant Marino Lima read ''That affiant was and is improperly joined as defendant in the above entitled matter, in that, at all times mentioned in the complaint herein filed, affiant was not, or at any time since has been, a partner or in any way associated with the remaining defendants.'' Similar language was used in other affidavits of other defendants with the following language added ''Affiant further states that the obligation, indebtedness or liability against the said Marino Lima, if any, was and is the obligation, indebtedness or liability of the remaining defendant partners.'' We will not pause to discuss the sufficiency of these affidavits for the purpose for which they were offered. We will assume, without deciding, that they were sufficient as allegations of fact rather than conclusions of law, and we will further assume, without deciding, that said allegations were not pregnant with the admission that Marino Lima had been a partner prior to the incorporation and a stockholder and director following the incorporation. It is obvious, however, that defendants were seeking, upon the hearing of the motion for change of venue, to have the cause determined upon the merits insofar as it concerned the defendant Marino Lima. In opposition to the motion, plaintiff relied upon the allegations of the verified complaint and similar allegations contained in counteraffidavits together with the further allegations hereinafter mentioned. Plaintiff included in the affidavits photostatic copies of the above mentioned journal and ledger entries for the purpose of showing that plaintiff had reasonable grounds for the belief in good faith that it had a cause of action against all defendants including defendant Marino Lima. Plaintiff further alleged in the affidavits that Marino Lima was joined ''in good faith'' as a defendant and was not joined solely for

the purpose of having the action tried in San Francisco. The showing made by plaintiff concerning the reasonable grounds for its belief was not controverted except that defendants filed an affidavit claiming to show "the error and mistake on the part of said entries" in the journal and ledger. They did not deny the existence of said entries but alleged that said entries "were made by the accountant merely as a memorandum or for a balance; that it was not the intent of the corporation that the individual shareholders holding said stock to pay for any excessive interest that they had received due to said error, mistake or inadvertence, but that they were to return, cancel or surrender that portion received in error or mistake, or to surrender all their stock and have a new issue made pursuant to whatever was provided for in the new amended permit . . ."; and that "the entries were arbitrarily made by said accountant in amounts to equal the said $17,195.04 against various parties who were not even a member of the copartnership, which said copartnership was evidenced by an agreement in writing." The showing made in plaintiff's affidavits concerning plaintiff's good faith was in no way controverted by defendant's affidavits. Furthermore, the alleged agreement in writing which evidenced the copartnership was not set forth in the affidavits or produced upon the hearing.

Upon the hearing, counsel for plaintiff claimed that defendant Marino Lima was properly joined as a defendant and was not made a defendant solely for the purpose of having the cause tried in San Francisco. He stressed the following facts (1) that the complaint stated a cause of action giving rise to a joint and several liability on the part of all defendants, including defendant Marino Lima; and (2) that the affidavits in opposition to the motion showed that plaintiff had reasonable grounds for its belief in good faith that Marino Lima was one of the partners and that plaintiff had a cause of action as alleged against all defendants, including defendant Marino Lima. The trial court, however, appears to have taken the view that the merits of the action as to defendant Marino Lima were to be tried upon the conflicting affidavits for the purpose of determining the motion for change of venue. This is indicated by the following discussion between the trial court and counsel: "The Court: Suppose you have evidence and you introduce evidence in good faith and it develops later, in good faith, that that evidence is not sufficient to overcome the other evidence — Mr. Sargent. That belongs in the trial."

In support of the order of the trial court granting the motion, respondent contends that this court should not reverse the order as it was "based upon conflicting affidavits as to whether a cause of action exists against the resident defendant." It is true that an order granting or denying a motion for change of venue should not ordinarily be reversed when based upon conflicting affidavits, but this rule of law presupposes a conflict of evidence upon the real issue for the determination of the trial court. Therefore the first question presented is what was the real issue for the determination of the trial court.

We find some difficulty in reconciling all the language found in the authorities dealing with this general question. It should be kept in mind that we are dealing with a situation involving a complaint which stated facts sufficient to impose a joint and several liability upon all defendants including the resident defendant. We will hereinafter discuss the fourth count, which differed from the first three counts, in that it was based upon an alleged express agreement by the several partners to pay their proportionate shares of the total liability. It seems settled, however, that the mere fact that a complaint states facts sufficient to impose a joint and several liability upon all defendants including the resident defendant is not conclusive upon the hearing for a motion for change of venue when the motion is made upon the ground above stated. (*Coen* v. *Watson,* 105 Cal.App. 297 [287 P. 525]; *Heringer* v. *Schumacher,* 88 Cal.App. 349 [263 P. 550]; *Lachman Co.* v. *Central California Berry Growers' Assn.,* 58 Cal.App. 748, 749 [209 P. 379]; *Karst* v. *Seller,* 45 Cal.App. 623 [188 P. 298].) It also appears clear from the language of the decisions that upon the hearing of such motion, the court should not try, upon conflicting affidavits, the issues of fact going to merits of the cause of action stated against the resident defendant. (*Pacific Coast Auto. Assn.* v. *Ahlf,* 115 Cal.App. 21, 24 [300 P. 841]; *Sourbis* v. *Rhoads,* 50 Cal. App. 98, 101 [194 P. 521]; *Mitchell* v. *Kim,* 42 Cal.App. 111, 114 [183 P. 368]; *Lakeshore C. Co.* v. *Modoc L. & L. Co.,* 108 Cal. 261, 262 [41 P. 472]; *McKenzie* v. *Barling,* 101 Cal. 459, 462 [36 P. 8].) In our opinion the rule, supported by reason and by authority, is that upon the hearing of the motion for change of venue under the circumstances presented here, the real issue for determination by the trial court was whether plaintiff, in joining the resident defendant as a party,

had reasonable grounds for the belief in good faith that plaintiff had a cause of action against the resident defendant. If he did, then we do not believe that it may be said that the resident defendant was *improperly* joined as a defendant or was made a defendant *solely* for the purpose of having the action tried in the county of the residence of the resident defendant within the meaning of section 395 of the Code of Civil Procedure.

The views which we have expressed find support in *Miller* v. *Collins,* 8 Cal.App.2d 10 [47 P.2d 334]. While that was an appeal from an order denying the motion, the real issue presented by the motion is clearly indicated. It was there charged that plaintiff had fraudulently joined the resident defendants solely for the purpose above mentioned. Affidavits were filed by the moving defendants in an attempt to show that no cause of action existed against the resident defendants. The showing made in opposition is stated by the court as follows on pages 11 and 12: "On the face of the complaint the said co-defendants of the defendants Collins are proper parties to the action. The affidavit of their attorneys states facts which strongly tend to show that the plaintiff and said attorney had some reason to believe, and in good faith did believe, 'that all of said defendants bore responsibility and liability to the plaintiff,' and that they were proper parties defendant." This showing was held sufficient, the court indicating that it was incumbent upon the moving defendants to show that plaintiff's claim against the resident defendants was "a mere pretense and made only for the purpose of having the action tried in the county" of the residence of the resident defendants. Similar language was used in *Sourbis* v. *Rhoads,* 50 Cal.App. 98 at page 101 [194 P. 521] where the court further indicated the nature of the issue when it referred to "the question whether the plaintiff has acted fraudulently in joining another party defendant."

The nature of the issue is further indicated in *McDonald* v. *California Timber Co.,* 151 Cal. 159 at page 160 [90 P. 548], where the court said the motion of the corporate defendant was properly denied "unless it had a right to show, and succeeded in showing, as it attempted to do, that the plaintiff, without having any cause of action against Dent, *or any reason to believe* that he was liable to respond in damages for the injury alleged, had fraudulently named him as a defendant for the mere purpose of defeating the right of the real defendant to demand a change of the place of trial

to the county of its legal residence!'' (Italics ours.) In *Henderson* v. *Cohen*, 10 Cal.App. 580 [102 P. 826], the court treats the issue as one akin to fraud and, in affirming an order denying the motion, said on page 584, ''. . . we think the plaintiff not only acted properly in joining him [the resident defendant] but that it was the safest course for him to adopt.'' In *Pacific Coast Auto. Assn.* v. *Ahlf*, 115 Cal.App. 21 [300 P. 841], the issue is again treated as one akin to fraud and the evidence was held ''sufficient . . . to show that certain of the defendants were not joined in bad faith. . . .''. (p. 24.) The court further said on page 25, ''It is enough upon the hearing and determination of the demand for change of venue, that the cause of action purported to be stated is apparently pleaded in good faith. . . .''

In some of the decisions holding that the allegations of the complaint are not conclusive, there is language indicating that, upon the hearing of a motion for change of venue, it may be shown that the cause of action stated against the resident defendant does not in reality exist. From the language of those cases respondent argues that upon the hearing of the motion for change of venue, the court should try disputed issues of fact going to the merits of the cause upon the conflicting affidavits in order to determine whether or not a cause of action does in reality exist against the resident defendant. We believe that the decisions containing the language to which reference is made are distinguishable upon their facts and that the broad implications drawn by respondent from the language of those decisions is not justified. In *Lachman Co.* v. *Central California Berry Growers' Assn.*, 58 Cal. App. 748 [209 P. 379], the trial court was not called upon to determine any disputed issue of fact going to the merits of the cause. It was admitted there that plaintiff's cause of action, if any, arose out of certain written contracts which were before the trial court. On the appeal, it is pointed out on page 752, that under such circumstances the question presented to the trial court ''was purely one of law.'' In *Coen* v. *Watson*, 105 Cal.App. 297 [287 P. 525], the court states that the facts appeared from the depositions on file and were ''not contradicted.'' It is of interest to note in that case, which was an action for damages for death of the husband of plaintiff, that it is indicated near the bottom of page 299 that plaintiff had no reasonable ground for any belief that she had a cause of action against the resident defendant. In *Denna*

v. *Red River Lumber Co.*, 47 Cal.App.2d 235 [117 P.2d 689], the only named resident defendant was the Redwood Company, Inc. The uncontradicted showing was that said corporation had been defunct since 1935 and had had nothing to do with the incident which was alleged in the complaint to have occurred in 1938. It was admittedly joined only because certain plaintiffs had mentioned a redwood company to their counsel and because counsel had merely surmised that the named defendant might have been the company mentioned. The court indicated on page 238 that the ''reasons were not sufficient'' to justify the joinder of the defunct corporation and to defeat the motion of the other defendants. In *Karst* v. *Seller*, 45 Cal.App. 623 [188 P. 298], the action was one for rescission of a contract and the uncontradicted showing made upon the hearing of the motion was that the resident defendant was not a party to the contract. The question of whether a cause of action for rescission existed against the resident defendant was therefore purely one of law. In *Heringer* v. *Schumacher*, 88 Cal.App. 349 [263 P. 550], the question of whether a cause of action existed against defendant Schumacher involved only the construction of the written contract which was admitted to be the contract upon which plaintiff sought to charge both defendants.

Several cases are cited in the briefs in which the propriety of the joinder of the resident defendants was determined solely from the allegations of the complaint. While the rules set forth in those cases are not controlling in the determination of the question before us, it is interesting to note that frequent reference is made in those cases to the question of the apparent ''good faith'' of the plaintiffs in joining the resident defendants. (*Freeman* v. *Dowling*, 219 Cal. 213, 216, [25 P.2d 980]; *Mills* v. *Brown*, 205 Cal. 38, 41 [269 P. 636]; *McClung* v. *Watt*, 190 Cal. 155, 159, 160, 161 [211 P. 17]; *White* v. *Anderson*, 50 Cal.App.2d 634, 636 [123 P.2d 543]; *Richmond Terminal Corp.* v. *Parr Terminal Co.*, 96 Cal.App. 152, 153, 154, 156 [273 P. 845].) In the Richmond Terminal case last cited, it is said at page 155, ''Much of the argument of respondent is directed to the proposition that plaintiff cannot finally prevail on the merits of the case. This may or may not be true, but is not the issue here.'' And in two cases from other jurisdictions, it has been held that the ultimate failure of plaintiffs to prevail against the resident defendants upon the trial did not defeat a judgment obtained by plaintiff against the non-resident defendants. (*Van Buren* v. *Pratt*,

123 Kan. 581 [256 P. 1006]; *Toland* v. *Sutherlin*, 49 Tex.Civ. App. 538 [110 S.W. 487]). In the Van Buren case, the court said at page 1007 [256 P.], "Of course, if Gann was not regarded by plaintiff as a real party but was joined for the mere purpose of obtaining jurisdiction over Pratt, it would amount to a misuse of process and defeat the action, but this rule cannot be applied to a plaintiff who sued in good faith and in an honest belief that he had a cause of action against the resident as well as the nonresident, and the mere fact that he fails to recover against the former will not, of itself, defeat a judgment against the latter."

In view of our conclusions as to the real issue before the trial court upon the hearing of the motion for change of venue, we turn to a consideration of the showing made to the trial court. The affidavits filed by defendants in support of the motion contained only bald denials of the allegations that the resident defendant had been a partner of the nonresident defendants. They were effectively controverted, as far as they went, by counter-affidavits. The portions of the counter-affidavits showing that plaintiff had reasonable grounds for the belief in good faith that plaintiff had a cause of action against the resident defendant were not controverted. That showing, based upon the books of the corporation, was such that counsel for plaintiff, having knowledge of the entries in said books, would have been derelict in his duty to plaintiff if he had not advised the joinder of the resident defendant. Upon the trial of the cause, said entries may be successfully explained by defendants, but for the purpose of the motion for change of venue, the admitted entries in the corporation books showed conclusively that plaintiff had reasonable grounds for the belief in good faith that a cause of action existed against the resident defendant. There being no conflict in the affidavits on the real issue before the court, we are of the opinion that the trial court erred in granting the motion.

Defendants make one further point which should be mentioned. Defendants call attention to the fact that the fourth count, based upon an alleged express agreement, claimed a liability of only $343.70 with respect to the resident defendant. They therefore claim that that count must be disregarded in determining the right to a change of venue as the municipal court in San Francisco would have had exclusive jurisdiction over the cause of action stated against the resident defendant in that count. In what has been said above.

we have disregarded the allegations of that count and have discussed the situation as though the first three counts, charging a joint and several liability for the full amount against all defendants, were the only counts contained in the complaint.

The order granting the motion for change of venue is reversed with directions to the trial court to enter its order denying said motion.

Nourse, P. J., and Dooling, J. pro tem., concurred.